## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |
| and | : | |
| STATE FARM FIRE AND CASUALTY | : | CIVIL ACTION |
| COMPANY | : | |
| | : | |
| vs. | : | JURY TRIAL DEMAND |
| | : | |
| ARNOLD LINCOW, D.O. | : | |
| 44 Summer Place | : | |
| Huntingdon Valley, PA  19006 | : | |
| and | : | |
| RICHARD MINTZ, D.O. | : | |
| 809 Redgate Road | : | |
| Dresher, PA  19025 | : | |
| and | : | |
| STEVEN HIRSH | : | |
| 111 South Buffalo Avenue | : | |
| Apt. 102 | : | |
| Ventnor City, NJ  08406 | : | |
| and | : | |
| 7622 MEDICAL CENTER, P.C. | : | |
| 7622 Ogontz Avenue | : | |
| Philadelphia, PA  19150 | : | |
| and | : | |
| 1900 S.G. ASSOCIATES | : | |
| 1900 Spring Garden Street | : | |
| Philadelphia, PA  19130 | : | |
| and | : | |
| ALLIED MEDICAL GROUP | : | |
| 1200 Walnut Street | : | |
| Philadelphia, PA 19107 | : | |
| and | : | |
| ALLIED MEDICAL GROUP, P.C. | : | |
| 7622 Ogontz Avenue | : | |
| Philadelphia, PA  19150 | : | |
| and | : | |
| JEFRON X-RAY, INC. | : | |
| 7622 Ogontz Avenue | : | |
| Philadelphia, PA  19150 | : | |
| and | : | |
| OGONTZ PHARMACY | : | |
| 785 S. Front Street | : | |
| Philadelphia, PA 19147 | : | |
| and | : | |
| LAWRENCE FORMAN, D.O. | : | |
| 1053 Cardinal Lane | : | |
| Cherry Hill, NJ  08003 | : | |
| and | : | |
| STEPHEN SACKS, D.O. | : | |
| 650 Malin Road | : | |
| Newtown Square, PA  19073 | : | |
| and | : | |

**RICHARD BUTOW, D.C.** : 
**1716 Afton Street** : 
**Philadelphia, PA 19111** : 
    **and** : 
**STEPHEN HENNESSY, D.C.** : 
**7145 Erdrick Street** : 
**Philadelphia, PA 19135** :

## COMPLAINT

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm

Fire and Casualty Company, by their attorneys, Goldberg, Miller & Rubin, P.C., bring

this action against Defendants, Arnold Lincow, D.O, Richard Mintz, D. O., Steven Hirsh,

7622 Medical Center, P.C. d/b/a Allied Medical Group and d/b/a 1900 S.G. Associates,

1900 S.G. Associates, Allied Medical Group, Allied Medical Group, P.C., Jefron X-Ray

Inc., Ogontz Pharmacy, Lawrence Forman, D.O., Stephen Sacks, D.O., Richard Butow,

D.C. and Stephen Hennessy, D.C. and allege violations of the Racketeering Influenced

and Corrupt Organizations Act (RICO), Pennsylvania Insurance Fraud Statute, and fraud.

In support of their claims, Plaintiffs state the following:

### THE PARTIES

1.    Plaintiffs are corporations existing under the laws of Illinois with principle

places of business in Bloomington, Illinois. Plaintiffs are duly organized and licensed to

engage in the writing of automobile insurance policies in the Commonwealth of

Pennsylvania. Plaintiffs provide insurance coverage to their customers for, *inter alia*,

medical payments, uninsured motorist benefits, underinsured motorist benefits and

liability for bodily injury arising out of automobile accidents.

2.    7622 Medical Center, P.C. (hereinafter "7622 Medical") was and is a

Pennsylvania Professional Corporation with a place of business located at 7622 Ogontz

Avenue, Philadelphia, Pennsylvania 19150. 7622 Medical operates in its corporate

capacity and/or using the fictitious names Allied Medical Group and 1900 S.G. Associates at a number of locations including, but not limited to 1900 Spring Garden Street, Philadelphia, Pennsylvania 19130, 1200 Walnut Street, Philadelphia, Pennsylvania 19107 and 7622 Ogontz Avenue, Philadelphia, Pennsylvania 19150. During the relevant time period, the purported business of 7622 Medical was to provide chiropractic, medical, diagnostic, radiographic and/or physical therapy treatments, testing, services and/or goods to persons injured in accidents.

3.      Allied Medical Group (hereinafter "Allied") was and is a Pennsylvania Professional Corporation with a place of business at 1200 Walnut Street, Philadelphia, Pennsylvania 19107.  During the relevant time period, the purported business of Allied was to provide radiographic and diagnostic testing and/or services to persons injured in accidents.

4.      Allied Medical Group, P.C. (hereinafter "Allied, P.C.") was and is a Pennsylvania Professional Corporation with a place of business located at 7622 Ogontz Avenue, Philadelphia, Pennsylvania 19150.  During the relevant time period, the purported business of Allied, P.C. was to provide radiographic and diagnostic testing and/or services to persons injured in accidents.

5.      Jefron X-ray, Inc. (hereinafter "Jefron") was and is a Pennsylvania Business Corporation with a place of business located at 7622 Ogontz Avenue, Philadelphia, Pennsylvania 19150.  During the relevant time period, the purported business of Jefron was to provide radiographic and diagnostic testing and/or services to persons injured in accidents.

6.      Ogontz Pharmacy was and is a Pennsylvania Corporation with a place of

business located at 785 S. Front Street, Philadelphia, Pennsylvania 19147.  Ogontz

Pharmacy also maintained an office at 7622 Ogontz Avenue, Philadelphia, Pennsylvania

19150.  During the relevant time period, the purported business of Ogontz Pharmacy was

to provide pharmaceuticals and/or pharmaceutical supplies prescribed to persons injured

in accidents.

        7.      1900 S.G. Associates was and is a Pennsylvania, corporation with a place

of  business at 1900 Spring Garden Street, Philadelphia, Pennsylvania 19130.  Upon

information and belief, the location of the business is now 2000 Spring Garden Street,

Philadelphia, Pennsylvania 19130.  During the relevant time period, the purported

business of 1900 S.G. Associates was to provide chiropractic, medical diagnostic,

radiographic and/or physical therapy treatments, services and/or goods to persons injured

in accidents.

        8.      Arnold Lincow, D.O.,  (hereinafter "Lincow") is an adult individual who

resides at 44 Summer Place, Huntingdon Valley, Pennsylvania 19006 and is a citizen of

the Commonwealth of Pennsylvania.  During the relevant time period, Lincow was and

continues to be a proprietor, owner, officer and/or shareholder of 7622 Medical Center,

P.C. d/b/a Allied Medical Group and 1900 S.G. Associates, 1900 S.G. Associates, Allied

Medical Group, Allied Medical Group, P.C., Jefron X-Ray, Inc., and/or Ogontz

Pharmacy.

        9.      Lawrence Forman, D.O., (hereinafter "Forman") is an adult individual

who resides at 1053 Cardinal Lane, Cherry Hill, New Jersey 08003 and is a citizen of the

State of New Jersey.  During the relevant time period, Forman was and continues to be a

proprietor, owner, officer, employee and/or shareholder in 7622 Medical Center, P.C.

d/b/a Allied Medical Group and 1900 S.G. Associates, 1900 S.G. Associates, Allied

Medical Group, Allied Medical Group, P.C., Jefron X-Ray, Inc., and/or Ogontz

Pharmacy.

10.    Stephen Sacks, D.O., (hereinafter "Sacks") is an adult individual who

resides at 650 Malin Road, Newtown Square, Pennsylvania 19073 and is a citizen of the

Commonwealth of Pennsylvania.  During the relevant time period, Sacks was and

continues to be a proprietor, owner, officer, employee and/or shareholder in 7622

Medical Center, P.C. d/b/a Allied Medical Group and 1900 S.G. Associates, 1900 S.G.

Associates, Allied Medical Group, Allied Medical Group, P.C., Jefron X-Ray, Inc.,

and/or Ogontz Pharmacy.

11.    Richard Mintz, D.O., (hereinafter "Mintz") is an adult individual who

resides at 809 Redgate Road, Dresher, Pennsylvania 19025 and is a citizen of the

Commonwealth of Pennsylvania.  During the relevant time period, Mintz was and

continues to be a proprietor, owner, officer, employee and/or shareholder in 7622

Medical Center, P.C. d/b/a Allied Medical Group and 1900 S.G. Associates, P.C., 1900

S.G. Associates, Allied Medical Group, Allied Medical Group, P.C., Jefron X-Ray, Inc.,

and/or Ogontz Pharmacy.

12.    Richard Butow, D.C., (hereinafter "Butow") is an adult individual who

resides at 1716 Afton Street, Philadelphia, Pennsylvania 19111 and is a citizen of this

Commonwealth of Pennsylvania.  During the relevant time period, Butow was and

continues to be a proprietor, owner, officer, employee and/or shareholder in 7622

Medical Center, P.C. d/b/a Allied Medical Group and 1900 S.G. Associates, 1900 S.G.

Associates, Allied Medical Group, Allied Medical Group. P.C., Jefron X-Ray, Inc. and/or
Ogontz Pharmacy.

13.    Stephen Hennessy, D.C., (hereinafter "Hennessy") is an adult individual
who resides at 7145 Erdrick Street, Philadelphia, Pennsylvania, 19135.  During the
relevant time period, Hennessy was and continues to be a proprietor, owner, officer,
employee and/or shareholder in 7622 Medical Center, P.C. d/b/a Allied Medical Group
and 1900 S.G. Associates, 1900 S.G. Associates, Allied Medical Group, Allied Medical
Group. P.C., Jefron X-Ray, Inc. and/or Ogontz Pharmacy.

14.    Steven Hirsh (hereinafter "Hirsh") is an adult individual who resides at
111 South Buffalo Avenue, Apt. 102, Ventnor City, New Jersey 08406 and is a citizen of
the State of New Jersey.  During the relevant time period, Hirsh was and continues to be
a proprietor, owner, officer, employee and/or shareholder in 7622 Medical Center, P.C.
d/b/a Allied Medical Group and S.G. Associates, 1900 S.G. Associates, Allied Medical
Group,  Allied Medical Group, P.C., Jefron X-Ray, and/or Ogontz Pharmacy.

## **VENUE AND JURISDICTION**

15.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332,
based upon the diverse citizenship of the parties and the amount in controversy, which
exceeds $75,000.00, exclusive of interest and costs.

16.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331
whereas a federal question is at issue, based upon the Racketeering Influenced and
Corrupt Organizations Act, 18 U.S.C. §1964(c).

17.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1367,
based upon the pendent and ancillary jurisdiction of this Court.

18.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

**FACTS**

19.    This Complaint is brought by Plaintiffs to recover damages from Defendants, Arnold Lincow, D.O., Richard Mintz, D.O., Steven Hirsh, 7622 Medical Center, P.C. d/b/a Allied Medical Group and 1900 S.G. Associates, 1900 S.G. Associates, Allied Medical Group, Allied Medical Group, P.C., Jefron X-Ray, Inc., Ogontz Pharmacy, Lawrence Forman, D.O., Stephen Sacks, D.O., Richard Butow, D.C., and Stephen Hennessy, D.C., who were active participants in a scheme to defraud Plaintiffs by doing acts including, but not limited to, producing and submitting fraudulent medical records, medical reports, bills and other documents and representations, which were intended to generate payment from Plaintiffs for medical treatment, testing, services and/or goods allegedly provided to individuals insured by Plaintiffs.

20.    During the relevant time period, the Defendants, their agents and employees, without the knowledge and consent of Plaintiffs, agreed and conspired together to devise and participate in a scheme to defraud Plaintiffs by means of false, fraudulent, misleading, and/or inaccurate representations.

21.    During the relevant time period, Lincow, other Defendants, and/or other individuals established and/or operated 7622 Medical Center, P.C., also doing business as 1900 S.G. Associates and Allied Medical Group, and named Lincow as the proprietor and corporate officer for the purpose of creating a vehicle through which funds from the medical center and/or diagnostic testing facility were to be paid to him, other Defendants, and/or other individuals.

22.    During the relevant time period, Lincow, other Defendants, and/or other

individuals established and/or operated 1900 S.G. Associates for the purpose of creating

a vehicle through which funds from the medical center were paid to him, other

Defendants and/or other individuals.

23.    During the relevant time period, Lincow, other Defendants, and/or other

individuals established and/or operated Jefron for the purpose of creating a vehicle

through which funds from the diagnostic testing facility were paid to him, other

Defendants and/or other individuals.

24.    During the relevant time period, Lincow, other Defendants, and/or other

individuals established and/or operated Allied, P.C. for the purpose of creating a vehicle

through which funds from the diagnostic testing facility were paid to him, other

Defendants and/or other individuals.

25.    During the relevant time period, Lincow, other Defendants, and/or other

individuals established and/or operated Allied for the purpose of creating a vehicle

through which funds from the diagnostic testing facility were paid to him, other

Defendants and/or other individuals.

26.    During the relevant time period, Hirsh, other Defendants, and/or other

individuals established and/or operated Ogontz Pharmacy for the purpose of creating a

vehicle through which funds from the pharmacy were paid to him, other Defendants

and/or other individuals.

27.    It was a further part of the conspiracy and scheme to defraud that

Defendants, Lincow, Forman, Mintz and/or others at their direction, would evaluate the

participants in motor vehicle accidents, including individuals insured by Plaintiffs, and

"diagnose" their alleged injuries at 7622 Medical and 1900 S.G. Associates.

28.     It was a further part of the conspiracy and scheme to defraud that Defendants, Lincow, Forman, Mintz and/or others at their direction, purported to conduct physical examinations of participants in motor vehicle accidents, including individuals insured by Plaintiffs, at 7622 Medical and 1900 S.G. Associates.

29.     It was a further part of the conspiracy and scheme to defraud that many of the medical examinations, physical therapy modalities, chiropractic treatments, and other treatments purportedly provided to participants in motor vehicle accidents, including individuals insured by Plaintiffs, at 7622 Medical and 1900 S.G. Associates were never performed, not provided for the medical necessity of the patient, not reimbursable under applicable law, and/or not provided pursuant to applicable law.

30.     It was a further part of the conspiracy and scheme to defraud that participants in motor vehicle accidents, including individuals insured by Plaintiffs, allegedly receiving treatment at 7622 Medical, Allied, Allied, P.C., Jefron and 1900 S.G. Associates were referred by Lincow, Forman, Mintz, other Defendants and/or others at their direction, to Defendant Ogontz Pharmacy and/or Steven Hirsh for prescription medication, pharmaceutical supplies and/or equipment.  In exchange, Ogontz Pharmacy and/or Hirsh paid Lincow an inflated monthly rent far in excess of reasonable rental value.

31.     It was a further part of the conspiracy and scheme to defraud that many of the prescriptions for medications and/or equipment written by Lincow, Foreman, Mintz, other Defendants and/or others at their direction and allegedly filled at Defendant Ogontz Pharmacy were never dispensed, not medically necessary, and/or provided in violation of applicable law.

32.    It was a further part of the conspiracy and scheme to defraud that individuals allegedly receiving treatment at 7622 Medical, Allied, Allied, P.C., Jefron and 1900 S.G. Associates were 'referred' and/or directed by Lincow, Forman, other Defendants, and/or others at their direction, to Mintz, Sacks, Allied, Allied, P.C., Jefron, and/or other healthcare providers for orthopedic, neurological, diagnostic, radiographic and/or other examinations and/or testing.

33.    It was a further part of the conspiracy and scheme to defraud that many of the examinations with consulting healthcare providers were medically unnecessary, and/or conducted in violation of applicable law.

34.    It was a further part of the conspiracy and scheme to defraud that payments made by Plaintiffs for the examinations and/or testing referred by Lincow, Forman other Defendants and/or others at their direction, were, without the knowledge or consent of Plaintiffs, divided between Defendants and other healthcare providers under an undisclosed fee arrangement in violation of applicable law.

35.    It was a further part of the conspiracy and scheme to defraud that participants in motor vehicle accidents, including individuals insured by Plaintiffs, allegedly receiving treatment at 7622 Medical and 1900 S.G. Associates were 'referred' and/or directed by Lincow, Foreman, Mintz and/or other individuals at their direction, to receive neurological, diagnostic and/or radiographic testing at Allied, Allied, P.C. and Jefron, which Lincow owns.   These neurological, diagnostic and/or radiographic 'referrals' were ordered for the financial benefit of Lincow and/or other Defendants and/or to exhaust insurance medical benefits, rather than for the medical necessity of the patients. Defendant, Sacks, and/or other individuals 'interpret' this neurological,

diagnostic and/or radiographic testing, particularly electronmyography (EMG) and nerve conduction testing in order to support additional testing at Allied, Allied, P.C. and/or Jefron, and/or medical and/or chiropractic treatment at 7622 Medical and/or 1900 S.G. Associates and/or other consulting healthcare providers and/or to support any and all treatment and/or testing given at 7622 Medical, Allied, Allied, P.C., Jefron and 1900 S.G. Associates, and/or to support uninsured, underinsured and liability claims brought by individuals who treated at 7622 Medical, Allied, Allied, P.C., Jefron and/or 1900 S.G. Associates.

     36.    It was a further part of the conspiracy and scheme to defraud that false, fraudulent, misleading, and/or inaccurate medical reports, medical records, bills and/or other documents and records were prepared by Defendants and sent to Plaintiffs to obtain payment on behalf of 7622 Medical, Allied, Allied, P.C., Jefron, 1900 S.G. Associates, Ogontz Pharmacy and/or other Defendants.  These medical reports, medical records, bills and/or other documents and records were false, fraudulent, misleading, and/or inaccurate in that they concern physical examinations, physical therapy treatments, chiropractic treatments, diagnostic testing, radiographic testing, medical prescriptions, and/or other related goods and/or services that were never provided, not provided pursuant to applicable law, provided in violation of applicable law, not reimbursable under applicable law and/or not provided for the medical necessity of the patient. These medical reports, medical records, bills and/or other documents and records also were false, fraudulent, misleading, and/or inaccurate, in part, because they do not accurately reflect, and/or confuse who is, the actual treatment provider, assuming treatment was given, and that they do not conform to professional standards for medical documentation.

37.    It was a further part of the conspiracy and scheme to defraud that false, fraudulent, misleading and/or inaccurate medical reports, medical records, bills and/or other documents and/or records were created produced and/or sent, directly or indirectly, by Defendants to assist individuals in obtaining payment from Plaintiffs for alleged physical injuries arising out of motor vehicle accidents allegedly caused by individuals insured with Plaintiffs.  These medical reports, medical records, bills and/or other documents and records also were false, fraudulent, misleading, and/or inaccurate, in part, because they do not accurately reflect, and/or confuse who is, the actual treatment provider, assuming treatment was given, and that they do not conform to professional standards for medical documentation.

38.    It was a further part of the conspiracy and scheme to defraud that false, fraudulent, misleading, and/or inaccurate medical reports, bills, and/or records were created, produced, and/or sent, directly or indirectly, by Defendants to Plaintiffs to induce and/or deceive Plaintiffs into making improper and/or incorrect insurance coverage and/or payment decisions. These medical reports, medical records, bills and/or other documents and/or records were false, fraudulent misleading, and/or inaccurate in that they concern physical examinations, physical therapy treatments, chiropractic treatments, diagnostic testing, radiographic testing, medical prescriptions, and/or other related goods and/or services at the 7622 Medical, Allied, Allied, P.C.,  Jefron, and 1900 S.G. Associates, which were never provided, not provided pursuant to applicable law, not reimbursable under applicable law and/or not provided for the medical necessity of the patient. These medical reports, medical records, bills and/or other documents and records also were false, fraudulent, misleading, and/or inaccurate, in part, because they do not

accurately reflect, and/or confuse who is, the actual treatment provider, assuming

treatment was given, and that they do not conform to professional standards for medical

documentation.

39.    It was a further part of the conspiracy and scheme to defraud to employ

individuals, who are not physicians, chiropractors or licensed physical therapists, to

provide medical treatment including, but not limited to, chiropractic treatments and/or

physical therapy treatments, which was billed as being provided by a chiropractor and/or

physician.  This medical and/or chiropractic treatment also was provided without a

physician and/or chiropractor being at the premises at times.  Under Pennsylvania law,

healthcare providers are not entitled to payment and/or reimbursement for services,

including physical therapy, provided by unlicensed and/or unsupervised personnel under

the Motor Vehicle Financial Responsibility Law and/or applicable law.

40.    Defendants issued bills and/or invoices in the name of 7622 Medical,

Allied, Allied, P.C., Jefron, and 1900 S.G. Associates and/or Defendants for the patient

services allegedly performed by their licensed and unlicensed employees, which utilized

certain current procedural terminology (hereinafter "CPT") codes to document the level

of service and nature of service to secure reimbursement payments from Plaintiffs.

Under this system, the provider utilizes CPT codes to report services and treatment for

reimbursement.  75 Pa. C.S.A. §1797, *et. seq*.  Plaintiffs reasonably relied upon

representations set forth on Defendants' bills and records to form payment decisions.

41.    Defendants Lincow, Mintz, Hirsh, Foreman, Sacks, Butow, Hennessy

and/or other individuals collected and retained a portion of the proceeds paid by

insurance companies, including Plaintiffs, for the patient care services allegedly performed at 7622 Medical, Allied, Allied, P.C., Jefron, and 1900 S.G. Associates.

42.    From at least the year 2000 to the present, Defendant issued, or caused to be issued bills, medical records, medical reports and other documents in the name of 7622 Medical, Allied, Allied, P.C., Jefron and 1900 S.G. Associates and/or Defendants, which were submitted to Plaintiffs in support of bills for medical services.

43.    From at least the year 2000 to the present, Defendants issued or caused to be issued bills, medical records, medical reports and other documents in the name of 7622 Medical, Allied, Allied, P.C., Jefron and 1900 S.G. Associates and/or Defendants, which were sent, directly or indirectly, to Plaintiffs in support of uninsured/underinsured motorist and liability claims.

44.    From at least the year 2000 to the present, Plaintiffs paid over $1,400,241.13 on medical payments in which bills and records of Defendant medical entities and/or Defendants were submitted as part of individual claimants' damages.

45.    Plaintiffs believe, and therefore aver, that the bills submitted by Defendants described in the aforementioned paragraphs contain fraudulent misrepresentations intended to extract payments from Plaintiffs in violation of the terms of 75 Pa. C.S.A. §1701 *et. seq.* and other applicable Pennsylvania law.

46.    During the relevant time period, in reasonable reliance on and in belief of the accuracy of the bills, medical records, medical reports and other documents from Defendants, Plaintiffs made payments to Defendants.  Furthermore, Plaintiffs also incurred damages by making payments to individuals insured by Plaintiffs involved in alleged accidents with uninsured and/or underinsured motorists in reasonable reliance of

the bills, medical records, medical reports and other documents from Defendants.

Plaintiffs also made payments for alleged bodily injuries to individuals involved in

accidents allegedly caused by Plaintiffs' insureds in reasonable reliance on the bills,

medical records, medical reports and other documents from the Defendants.  Plaintiffs

also expended sums of money on investigation, claims processing and legal defense in

connection with the aforesaid payments.

47.    During the relevant time period and in furtherance of and for the purpose

of executing the scheme in order to defraud, Defendants, on numerous occasions, used

and caused to be used mail depositories of the United States Postal Service and wires by

both placing and causing to be placed letters, bills and other mailable matter in said

depositories and by removing and causing to be removed letters and other mailable

matter from said depositories and by the use of facsimile machines.  Said use of the mails

and wiring included, but was not limited to, the following:

(a)  Medical reports sent by Jefron on or about February 27, 2001 for
Carmello Ferrero.

(b)  Medical bills sent by Jefron on or about July 2, 2000 for Alred
Watts.

(c)  Medical bills sent by Jefron on or about January 13, 2002 for
Leslie Burnley.

(d)  Medical bills sent by Allied and/or Allied, P.C. on or about June
15, 2000 for Bernice Murray.

(e)  Medical reports sent by Allied, and/or Allied, P.C. on or about
March 9, 2001 for Carmello Ferrero.

(f)  Medical bills sent by Allied and/or Allied, P.C. on or about
February 22, 2002 for James Collier.

(g)  Medical bills sent by Allied and/or Allied, P.C. on or about
November 14, 2003 for Doris Carter.

(h) Medical bills sent by 7622 Medical on or about March 15, 2001 for Carmello Ferrero.

(i) Medical bills sent by 7622 Medical on or about November 27, 2000 for Dorthea Pettyjohn.

(j) Medical bills sent by 7622 Medical on or about June 30, 2003 for Leslie Thaxton.

(k) Medical bills sent by Ogontz Pharmacy on or about November 27, 2000 for Josephine Lockhart.

(l) Medical bills sent by Ogontz Pharmacy on or about May 9, 2002 for Maurice Cunningham.

(m) Medical bills sent by Ogontz Pharmacy on or about June 6, 2002 for Maurice Cunningham.

(n) Medical bills sent by Ogontz Pharmacy on or about July 22, 2002 for Maurice Cunningham.

(o) Medical reports sent by 1900 S.G. Associates, P.C. on or about August 12, 2002 for Maurice Cunningham.

(p) Medical bills sent by 1900 S.G. Associates on or about May 11, 2002 for Alethea Carroll.

(q) Medical bills sent by 1900 S.G. Associates on or about October 14, 2002 for Alethea Carroll

(r) Medical bills sent by 1900 S.G. Associates on or about November 6, 2003 for Robert Carter.

(s) Medical bills sent by 1900 S.G. Associates on or about January 6, 2004 for Robert Carter.

(t) Medical bills sent by 1900 S.G. Associates on or about August 18, 2000 for Warren Peace.

(u) Medical report sent by Mintz Cardiology on or about July 20, 2001 for Maurice Cave.

(v) Other false, fraudulent, misleading, and/or inaccurate bills, documents, and/or records that were sent by Defendants that will be revealed during discovery in this matter.

48.    Each use of the mails and wires in connection with the scheme and artifice to defraud constitutes the offense of mail and wire fraud as proscribed and prohibited by 18 U.S.C. §1343.

49.    During the relevant time period, in connection with the activities of all Defendants giving rise to this action, all Defendants conspired to engage in the various activities and aided and abetted one another in the said activities.

50.    During the relevant time period, in connection with the activities of all Defendants giving rise to this action, the Defendants acted with malice, intent and knowledge.

51.    During the relevant time period, in connection with the activities of all Defendants giving rise to this action, Defendants, intentionally acted to fraudulently conceal their ownership and proprietary interest in 7622 Medical, Allied, Allied, P.C., Jefron, and/or 1900 S.G. Associates in order to insulate themselves from liability for the fraudulent, illegal and improper activities being conducted by the Defendants.

52.    Plaintiffs were directly injured in their business and property in an undetermined amount by Defendants' misrepresentations, violations of law, fraudulent conduct and other acts and omissions committed by the Defendants as set forth above in paragraphs 19 through 51.  Such injury includes:  the deprivation of the ability to conduct the Plaintiffs' insurance business on the basis of true, accurate and complete assessments of the numbers and amounts of legitimate compensable claims; the loss of funds unwittingly paid pursuant to false and fraudulent claims for medical benefits, uninsured motorist benefits, underinsured motorist benefits and liability for bodily injury, which

funds enabled the enterprise to continue its operations and enhanced the enterprise's ability to further harm Plaintiffs' business and carry out its racketeering activity; the expenses incurred in the review, adjustment and payment of the claims created and supported through the enterprise; the losses and financial expenses which have been and now are being incurred to create, establish and carry out systems and policies to detect and discover false, fraudulent and inflated claims; the hiring of claims adjusters, consultants and attorneys to detect and rebut said claims and other injury as may be proved at the trial hereof.

### COUNT I
### Fraud Against All Defendants

53.    Plaintiffs incorporates herein by reference the allegations set forth in paragraphs 1 through 52 of this Complaint.

54.    The misrepresentations, violations of law, fraudulent conduct and other acts and omissions committed by the Defendants as set forth above in paragraphs 19 through 51 constitute false and fraudulent representations.

55.    Defendants intended that Plaintiffs would be induced by such false and fraudulent representations to provide payment to Defendants and/or to individuals making claims with Plaintiffs for uninsured motorist benefits, underinsured motorist benefits and liability for bodily injury.

56.    Plaintiffs justifiably relied on the fraudulent misrepresentations made by the Defendants in making payment to Defendants and to individuals who had allegedly been treated by Defendants in the belief that such individuals had received medical treatment, testing, and/or prescriptions from Defendants that was medically necessary, reimbursable under applicable law, and/or provided in accordance with applicable law

and/or had suffered injuries as the result of motor vehicle accidents, as reflected in the bills, medical records, medical reports and other documents from Defendants.

57.     As a result of the fraudulent misrepresentations by Defendants, Plaintiffs suffered injury as set forth above in paragraph 52.

58.     Further, the fraudulent misrepresentations by Defendants were made with malice, vindictiveness and wanton disregard for the rights of Plaintiffs, thus entitling Plaintiffs to recovery of exemplary and punitive damages.

**WHEREFORE**, Plaintiffs pray this Court enter judgment in favor of Plaintiffs and against all Defendants, jointly and/or severally, for an amount exceeding $75,000.00, compensatory damages, consequential damages, treble damages, exemplary damages, punitive damages, attorney's fees, litigation expenses, and any additional relief this Court finds just and equitable.

## COUNT II

### Statutory Insurance Fraud
### Violations of 18 Pa.C.S. § 4117 *et. seq.*
### <u>Against All Defendants</u>

59.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1 through 58 of this Complaint.

60.     Plaintiffs are "insurers" and "insurance company" within the meaning of 18 Pa.C.S. §§ 4117 <u>et</u> <u>seq</u>.

61.     Each Defendant is a "person" within the meaning of 18 Pa.C.S. §§ 4117 <u>et</u> <u>seq</u>.

62.     The medical reports, bills and other records produced by Defendants are "statements" within the meaning of 18 Pa.C.S. §§ 4117 <u>et</u>  <u>seq</u>.

63.     Each Defendant has acted in violation of 18 Pa.C.S. § 4117(a)(2), through the acts set forth above in paragraphs 19 through 51, by presenting or causing to be presented to Plaintiff statements forming a part of, or in support of, insurance claims which set forth false, fraudulent incomplete and/or misleading information concerning facts material to such insurance claims.

64.     Each Defendant has acted in violation of 18 Pa.C.S. § 4117(a)(3), through the acts set forth above in paragraphs 19 through 51, by knowingly and with an intent to defraud Plaintiffs, assisting, abetting, soliciting and/or conspiring with others to prepare statements that were intended to be presented to Plaintiffs in connection with, or in support of, insurance claims that set forth false, fraudulent, incomplete, and/or misleading information concerning facts material to such insurance claims.

65.     Each Defendant has acted in violation of 18 Pa.C.S. § 4117(a)(5) by knowingly benefiting, directly and/or indirectly, from the proceeds derived from violations of the provisions of 18 Pa.C.S. § 4117(a)(2) due to the assistance, conspiracy and/or urging of other persons, including the other Defendants.

66.     Each Defendant has acted in violation of 18 Pa.C.S. § 4117(a)(5) by knowingly benefiting, directly and/or indirectly, from the proceeds derived from violations of the provisions of 18 Pa. C.S. § 4117(a)(3) as set forth above due to the assistance, conspiracy and/or urging of other persons, including the other Defendants.

67.     Each Defendant is the owner, administrator or employee of a health care facility within the meaning of 18 Pa.C.S. § 4117(a)(6).

68.     Each Defendant has acted in violation of 18 Pa. C. S. § 4117(a)(6)

by allowing the use of a health care facility by other persons, including the other Defendants, in furtherance of the scheme and conspiracy to violate the provisions of 18 Pa.C.S. § 4117(a)(2) and (a)(3), as set forth above.

69.    Each Defendant has acted in violation of 18 Pa.C.S. § 4117(a)(5) by knowingly benefiting, directly and/or indirectly, from the proceeds derived from violations of the provisions of 18 Pa. C.S. § 4117(a) as set forth above due to the assistance, conspiracy and/or urging of other persons, including the other Defendants.

70.    Each Defendant has acted in violation of 18 Pa.C.S. §4117(b)(3), by compensating and/or giving something of value to person(s) for providing names, addresses, telephone numbers or other identifying information of individuals seeking or receiving medical or rehabilitative care for accident, sickness or disease.

71.    Each Defendant has acted in violation of 18 Pa. C.S. §4117(b)(2) by compensating and/or giving something of value to person(s) to recommend and/or secure the Defendant(s)' service to and/or as a reward for having made a recommendation resulting in the Defendant(s)' service to and/or employment by a patient, and by receiving compensation and/or something of value for recommending a patient and/or securing services of patient for another healthcare provider and/or pharmacist.

72.    These acts of fraud described above were both related and continuous, thereby constituting a pattern of fraud under 18 Pa.C.S. § 4117(g).

73.    Plaintiffs were injured by the conduct of Defendants as set forth above in paragraph 52.

**WHEREFORE**, pursuant to 18 Pa.C.S. §4117(g), Plaintiffs demand that judgment be entered in their favor and against all Defendants jointly and severally for

compensatory damages, consequential damages, treble damages, exemplary damages, attorneys fees, litigation expenses, punitive damages, claims handling expenses, costs of investigation, interest and costs and any other relief the Court finds just and equitable.

## COUNT III

### Violation of RICO, 18 U.S.C.
### §§ 1962(c), 1964(c) Against All Defendants

74.    Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1 through 73 of this Complaint.

75.    Plaintiffs are "persons" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

76.    Each Defendant is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

77.    At all times material to this Complaint, Defendants and/or other individuals were associated in fact and thus are an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c) (hereinafter "the enterprise").

78.    At all times material to this Complaint, the enterprise was engaged in and its activities affected interstate commerce and the facilities of interstate commerce, including the United States mails, highways and telephone lines.

79.    At all times material to this Complaint, each Defendant was employed by, or otherwise associated with, the enterprise.

80.    From at least 2000 through to the present, Defendants devised and participated in a scheme to defraud Plaintiffs as set forth above in paragraphs 19 through 51.

81.    Each Defendant conducted or participated directly or indirectly in the conduct of the enterprise's affairs through a pattern of racketeering activity consisting of, but not limited to, the multiple instances of mail and wire fraud as set forth above in paragraph 47.

82.    These acts of mail fraud were both related and continuous, thereby constituting a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(5).

83.    The conduct of each of the Defendants constitutes a violation of 18 U.S.C. §1962(c).

84.    Plaintiffs were directly injured in their business and property as set forth in paragraph 52 by Defendants' violations of 18 U.S.C. §1962(c).  Such injury includes:  the deprivation of the ability to conduct the Plaintiffs' insurance business on the basis of true, accurate and complete assessments of the numbers and amounts of legitimate compensable claims; the loss of funds unwittingly paid pursuant to false and fraudulent claims for medical benefits, uninsured motorist benefits, underinsured motorist benefits and liability for bodily injury, which funds enabled the enterprise to continue its operations and enhanced the enterprise's ability to further harm Plaintiffs' business and carry out its racketeering activity; the expenses incurred in the review, adjustment and payment of the claims created and supported through the enterprise; the losses and financial expenses which have been and now are being incurred to create, establish and carry out systems and policies to detect and discover false, fraudulent and inflated claims; the hiring of claims adjusters, consultants and attorneys to detect and rebut said claims and other injury as may be proved at the trial hereof.

**WHEREFORE**, pursuant to 18 U.S.C. §1964(c), Plaintiffs demand that judgment be entered in their favor and against all Defendants jointly and severally for compensatory damages, treble damages, punitive damages, interest, costs, attorneys' fees and such other relief as the court shall find just and equitable.

**COUNT IV**

**Conspiracy To Violate RICO, 18 U.S.C. §1962(c)**
**In Violation Of 18 U.S.C. §1962(d) Against All Defendants**

85.    Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1 through 84 of this Complaint.

86.    Plaintiffs are "persons" within the meaning of 18 U.S.C. §1961(3) and 1964(c).

87    Each Defendant is a "person" within the meaning of 18 U.S.C. §§1961(3) and 1962(c).

88.    At all times material to this Complaint, Defendants and/or other individuals were associated in fact and thus are an "enterprise" within the meaning of 18 U.S.C. §§1961(4) and 1962(c).

89.    At all times material to this Complaint, the enterprise was engaged in and its activities affected interstate commerce and the facilities of interstate commerce, including the United States mails, highways and telephone lines.

90.    At all times material to this Complaint, each Defendant was employed by or other individuals associated with the enterprise.

91.    From at least 2000 through to the present, Defendants devised and participated in a scheme to defraud Plaintiffs as set forth above in paragraphs 19 through 51.

92.     Each Defendant conspired and agreed among themselves and with other co-conspirators to violate 18 U.S.C. §1962(c), that is to conduct or participate directly or indirectly in the conduct of the enterprise's affairs through a pattern of racketeering activity, including the numerous acts of mail and wire fraud as set forth above in paragraph 47.

93.     These acts of mail and wire fraud were both related and continuous, thereby constituting a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(5).

94.     Said conduct constitutes a violation of 18 U.S.C. §1962(d).

95.     Plaintiffs were directly injured by the Defendants in their business and property as set forth above in paragraph 52.

**WHEREFORE**, pursuant to 18 U.S.C. §1964(c), Plaintiffs demand that judgment be entered in their favor and against all Defendants jointly and severally for compensatory damages, treble damages, punitive damages, interest, costs, attorneys' fees and such other relief as the court shall deem appropriate.


                                    GOLDBERG, MILLER & RUBIN, P.C.


                                    By:____CG1287_____ _____ _____
                                          CY GOLDBERG, ESQUIRE
                                          Attorney for Plaintiffs

DATED:       10/13/05

## VERIFICATION

CY GOLDBERG, ESQUIRE, of GOLDBERG, MILLER & RUBIN, P.C., hereby states that he is the attorney representing the Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, and is authorized to make this Verification on their behalf in this action and he verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa C.S. § 4904 related to unsworn falsifications to authorities.

GOLDBERG, MILLER & RUBIN, P.C.

By:  CG1287_____
    CY GOLDBERG, ESQUIRE
    Attorney for Plaintiffs

Date:  10/13/05