**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

State Farm Mutual Automobile Insurance :
Company and State Farm Fire and Casualty :
Company          :
            :  No. 05-5368
     v.      :
            :
Arnold Lincow, D.O., et al.    :

**RESPONSE TO THE COMPLAINT
BY DEFENDANTS 7622 MEDICAL CENTER, P.C.,
ALLIED MEDICAL GROUP, ALLIED MEDICAL GROUP, P.C.,
JEFRON X-RAY, INC., 1900 S.G. ASSOCIATES, ARNOLD LINCOW, D.O.,
RICHARD MINTZ, D.O., RICHARD BUTOW, D.C., STEPHEN HENNESSY, D.C.,
AND LAWRENCE FORMAN, D.O. WITH COUNTERCLAIM**

   Defendants, 7622 Medical Center, P.C., Allied Medical Group, Allied Medical Group, P.C.,

Jefron X-Ray, Inc., 1900 S.G. Associates, Arnold Lincow, D.O., Richard Mintz, D.O., Richard

Butow, D.C., Stephen Hennessy, D.C., and Lawrence Forman, D.O. ("Answering Defendants"), by

and through their attorneys, Dolchin, Slotkin & Todd, P.C., hereby respond to the Complaint as

follows:

<u>**The Parties**</u>

   1.  Denied.  State Farm brought this action as part of an organized and continuous

company program dedicated to closing medical centers.  It reflects a corporate policy whereby State

Farm seeks to eliminate all medical centers treating accident victims that operate within the City and

County of Philadelphia, Pennsylvania.

   2.  Denied.  Defendant 7622 Medical Center, P.C. ("7622 Medical") is a Pennsylvania

professional corporation with a principal place of business located at 7622 Ogontz Avenue,

Philadelphia, PA 19150.  In or around September of 1993, 7622 Medical applied through the

Pennsylvania Corporation Bureau for use of the fictitious name of 1900 S.G. Associates ("1900 S. G. Associates") for 7622 Medical's location at 1900 Spring Garden Street, Philadelphia, PA 19130. At that same time, 7622 Medical applied for use of the fictitious name Allied Medical Group ("Allied") for use at its facility located at 1200 Walnut Street, Philadelphia, PA 19107.  The business of 7622 Medical, 1900 S.G. Associates and Allied is to provide appropriate medical treatment to persons in need of same, only some of whom have been involved in automobile accidents.  By way of further response, neither 7622 Medical, 1900 S.G. Associates nor Allied provide "goods to persons injured in accidents."

3.     Denied.  Defendant Allied is a fictitious name registered by 7622 Medical and used to operate 7622 Medical's practice at 1200 Walnut Street, Philadelphia, PA 19107.  The business of Allied is to provide appropriate medical treatment to persons in need of same, only some of whom have been involved in automobile accidents.

4.     Denied.   Defendant Allied Medical Group, P.C. ("Allied, P.C.") merged with Frankford Family Medical Center, Inc. ("Frankford") and 7622 Medical in August of 1993, and 7622 Medical was the only surviving corporate entity.  Allied, P.C. is no longer in existence and has not been since August of 1993.

5.     Denied.  Defendant Jefron X-Ray, Inc. ("Jefron") is a Pennsylvania corporation with a principal place of business located at 7622 Ogontz Avenue, Philadelphia, PA 19150.  The business of Jefron is to provide radiographic testing and/or services to all medical patients in need, only some of whom have been involved in automobile accidents.

6.     Denied.  Defendant Ogontz Pharmacy ("Ogontz Pharmacy") rented space for a brief period of time at 7624 Ogontz Avenue, Philadelphia, PA 19150 pursuant to a Lease Agreement.  The

Lease Agreement had been entered into by and between Arnold Lincow, D.O. ("Dr. Lincow") in his capacity as President of 7622 Medical and Lois Hirsh ("Mrs. Hirsh") on behalf of Lolo, Inc. ("Lolo, Inc."), the corporation for whom Ogontz Pharmacy was a fictitious name.  The business of Ogontz Pharmacy, as far as the Answering Defendants know, was to provide pharmaceuticals prescribed to medical patients.

7.     Denied.  1900 S.G. Associates is a fictitious name registered by 7622 Medical and used to operate 7622 Medical's practice at 2000 Spring Garden Street, Philadelphia, PA 19130.  The business of 1900 S.G. Associates is to provide appropriate medical treatment to persons in need of same, only some of whom have been involved in automobile accidents.

8.     Denied.  Dr. Lincow is an adult citizen of the Commonwealth of Pennsylvania, with a residence at 44 Summer Place, Huntington Valley, PA 19006.  Dr. Lincow is a licensed doctor of osteopathic medicine and is the President and sole shareholder of 7622 Medical and Jefron.  Allied and 1900 S.G. Associates are only fictitious names, not separate corporate entities.  Allied, P.C. has been dissolved since 1993.  Dr. Lincow has never had any ownership interest whatsoever in Ogontz Pharmacy and/or Lolo, Inc.  Other than leasing space to Lolo, Inc. and providing ancillary services to its tenant for a brief period of time, commencing in September of 1999, Dr. Lincow had no relationship with Lolo, Inc. and/or Ogontz Pharmacy.

9.     Denied.  Defendant Lawrence Forman, D.O. ("Dr. Forman") is an adult citizen of the State of New Jersey, with a residence at 1053 Cardinal Lane, Cherry Hill, NJ 08003.  Dr. Forman is a licensed doctor of osteopathic medicine who, solely in the capacity of an independent contractor for 7622 Medical, provided appropriate medical services to patients.  Dr. Forman was never a

proprietor, owner, officer and/or shareholder of 7622 Medical, Jefron, or any of the other corporate defendants in this case.

10.     Denied.  Stephen Sacks, D.O. ("Dr. Sacks"), who has separate legal representation, is an adult citizen of the Commonwealth of Pennsylvania with a residence at 650 Malin Road, Newtown Square, PA 19073.  Dr. Sacks is a licensed doctor of osteopathic medicine who, solely in the capacity of an independent contractor for 7622 Medical, provided appropriate medical services to patients.  Dr. Sacks was never a proprietor, owner, officer and/or shareholder of 7622 Medical, Jefron, or any of the other corporate defendants in this case.

11.     Denied.  Richard Mintz, D.O. ("Dr. Mintz") is an adult citizen of the Commonwealth of Pennsylvania with a residence at 809 Redgate Road, Dresher, PA 19025.  Dr. Mintz is a licensed doctor of osteopathic medicine who, solely in the capacity of an employee of 7622 Medical, provided appropriate medical services to patients.  Dr. Mintz was never a proprietor, owner, officer and/or shareholder of 7622 Medical, Jefron, or any of the other corporate defendants in this case.

12.     Denied.   Richard Butow, D.O. ("Dr. Butow") is an adult citizen of the Commonwealth of Pennsylvania with a residence at 1716 Afton Street, Philadelphia, PA 19111.  Dr. Butow is a licensed doctor of chiropractic who, solely in the capacity of an employee of 7622 Medical, provided appropriate medical services to patients.  Dr. Butow was never a proprietor, owner, officer and/or shareholder of 7622 Medical, Jefron, or any of the other corporate defendants in this case.

13.     Defendant Stephen Hennessy, D.O. ("Dr. Hennessy") is an adult citizen of the Commonwealth of Pennsylvania with a residence at 7145  Erdrick Street, Philadelphia, PA 19135.  Dr. Hennessy is a licensed doctor of osteopathic medicine who, solely in the capacity of an employee

of 7622 Medical, provided appropriate medical services to patients.  Dr. Hennessy was never a proprietor, owner, officer and/or shareholder of 7622 Medical, Jefron, or any of the other corporate defendants in this case.

14.    Denied.  Defendant Steven Hirsh ("Hirsh") is an adult citizen of the Commonwealth of Pennsylvania with a residence in Philadelphia.  Hirsh was never a proprietor, owner, officer, employee and/or shareholder of 7622 Medical, Allied, P.C., Allied, Jefron and/or 1900 S.G. Associates.  Upon information and belief, Hirsh is not even a proprietor, owner, officer and/or shareholder of Lolo, Inc., d/b/a Ogontz Pharmacy.  Upon information and belief, Mrs. Hirsh was the President of Lolo, Inc., d/b/a Ogontz Pharmacy.  Starting in September of 1999 and for a brief period, Lolo, Inc. rented commercial space from Dr. Lincow at 7624 Ogontz Avenue from which Hirsh operated a pharmacy.  By way of further response, in January of 2003, the United States Government filed a criminal information against Hirsh, charging him with wire fraud and aiding and abetting.  On September 24, 2003, Hirsh pled guilty to those charges before the Honorable Eduardo Robreno.

## Venue and Jurisdiction

15.    Admitted.

16.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

17.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

18.    Admitted.

-5-

**Facts**

19.    Denied.  State Farm brought this action as part of an organized and continuous company program dedicated to closing medical centers.  It reflects a corporate policy whereby State Farm seeks to eliminate all medical centers that treat accident victims and operate within the City and County of Philadelphia, Pennsylvania.

20.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.  By way of further response, any characterization of fraud or deception is denied vigorously.

21.    Denied.  The only individual defendant who established 7622 Medical was Dr. Lincow.  All of the other named individual defendants have no ownership interest in any of the corporate Answering Defendants.  The remaining allegations of this paragraph are specifically denied.  Dr. Lincow established 7622 Medical and Jefron for the purpose of providing medical services to patients suffering from a variety of physical ailments and billed appropriately for the services provided.

22.    Denied.  Dr. Lincow registered the fictitious name of 1900 S.G. Associates on behalf of 7622 Medical for operation of its practice first at 1900 Spring Garden Street, and then at 2000 Spring Garden Street.  None of the other individual defendants have any ownership interest and/or control over 7622 Medical. The remaining allegations of this paragraph are specifically denied.  Dr. Lincow established 7622 Medical and Jefron for the purpose of providing medical services to patients suffering from a variety of physical ailments, and billed appropriately for the services provided.

23. Denied. Dr. Lincow is the only individual defendant who has any ownership interest and/or control over Jefron. The remaining allegations of this paragraph are specifically denied. Dr. Lincow established 7622 Medical and Jefron for the purpose of providing medical services to patients suffering from a variety of physical ailments, and billed appropriately for the services provided.

24. Denied. Allied, P.C. was dissolved in 1993. By way of further response, the only individual defendant who had any ownership interest in Allied, P.C. was Dr. Lincow. The remaining allegations of this paragraph are specifically denied. Dr. Lincow established 7622 Medical and Jefron for the purpose of providing medical services to patients suffering from a variety of physical ailments, and billed appropriately for the services provided.

25. Denied. Allied is a registered fictitious name for 7622 Medical for the medical practice at 1200 Walnut Street. By way of further response, the only individual defendant who has any ownership interest in 7622 Medical/Allied is Dr. Lincow. The remaining allegations of this paragraph are specifically denied. Dr. Lincow established 7622 Medical and Jefron for the purpose of providing medical services to patients suffering from a variety of physical ailments, and billed appropriately for the services provided.

26. Denied. The only individual defendant who operated Ogontz Pharmacy was Hirsh. The only business between Answering Defendants and Ogontz Pharmacy was a landlord/tenant relationship which started in September of 1999. By way of further response, the time period alleged by State Farm in this Complaint is wrong. State Farm has alleged misconduct between 2000 and the present. Hirsh, however, pled guilty to wire fraud in September of 1993 and received a prison sentence with a probationary tail.

27.     Denied.  Drs. Lincow, Mintz, Butow, Hennessy and Forman are licensed medical professionals.  Through 7622 Medical, they provide appropriate and necessary medical treatment to patients.  Neither Drs. Lincow, Mintz, Butow, Hennessy or Forman engaged in any fraudulent conduct.

28.     Denied.  By way of further answer, the allegations of paragraph 27 are incorporated as though set forth in full.

29.     Denied.  By way of further response, all of the treatments which were rendered by Drs. Lincow, Mintz, Butow, Hennessy and Forman were medically necessary and appropriate, and to the best of their knowledge, information and belief, reimbursable under applicable law.  By way of further response, any characterization of fraud or deception is denied.

30.     Denied.  Drs. Lincow, Mintz, Butow, Hennessy and Forman are all licensed medical professionals.  Through 7622 Medical, they provide appropriate and necessary medical treatment to patients.  By way of further response, Drs. Lincow, Mintz and Forman prescribe medications to their patients when necessary and appropriate, some of whom may have filled their prescriptions at Ogontz Pharmacy.  Drs. Lincow, Mintz and Forman do not prescribe pharmaceutical supplies and/or equipment to their patients.  By way of further response, there was never any improper agreement among and between Dr. Lincow, Hirsh or anyone else that Lolo, Inc. d/b/a Ogontz Pharmacy would pay "an inflated monthly rent." By way of further response, any characterization of fraud or deception is denied.

31.     Denied.  By way of further answer, the response to the allegations of paragraph 30 are incorporated as though set forth in full.

32.     Denied.  Drs. Lincow, Mintz, Butow, Hennessy and Forman are all licensed medical professionals.  To the extent that Drs. Lincow, Mintz, Butow,  Hennessy and/or Forman  made referrals to any of the other corporate and/or individual defendants, such referrals were medically appropriate and necessary.  By way of further response, any characterization of fraud or deception is denied.

33.     Denied.  By way of further answer, the response to the allegations of paragraph 32 are incorporated as though set forth in full.

34.     Denied.  By way of further answer, the response to the allegations of paragraph 32 are incorporated as though set forth in full.  There was no improper or illegal "fee arrangement" among and between Answering Defendants or any other person or entity.

35.     Denied.  By way of further answer, the response to the allegations of paragraph 32 are incorporated as though set forth in full.  Defendant 7622 Medical operated the entire medical practice.  By way of further answer,  and to the extent that State Farm alleges that certain referrals were not medically necessary, State Farm failed to invoke the PRO Review process.  That failure waives the claims alleged in the Complaint.

36.     Denied.  None of the Answering Defendants submitted fraudulent and/or misleading medical reports, medical records, bills, etc. to State Farm or any other insurance company.  None of the Answering Defendants submitted any bills for payment on behalf of Ogontz Pharmacy.  By way of further answer, the remaining over broad allegations of fraudulent conduct on the part of Answering Defendants in this paragraph are specifically denied.  All of the medical services billed to State Farm were rendered by Answering Defendants.

37.     Denied.  By way of further answer, the response to the allegations of paragraph 36 are incorporated as though set forth in full.

38.     Denied.  By way of further answer, the response to the allegations of paragraph 36 are incorporated as though set forth in full.

39.     Denied.  It is specifically denied that Answering Defendants engaged in any conspiracy and/or scheme to defraud State Farm or any other insurance company by virtue of employing individuals to provide medical treatments in a manner violative of Pennsylvania law.  To the extent that Drs. Butow and Hennessy were assisted by unlicensed personnel, it was consistent with the applicable standard of care under Pennsylvania law.

40.     Denied.  By way of further answer, the response to the allegations of paragraph 39 are incorporated as though set forth in full.

41.     Denied.  Only 7622 Medical collected and retained the proceeds from claims paid by State Farm for appropriate and necessary medical treatment rendered to its insureds.  Drs. Mintz, Butow, Hennessy and Forman,  as employees/independent contractors of 7622 Medical, were compensated by 7622 Medical for their respective professional services.  By way of further answer, no services, during the time period alleged by State Farm, were performed at "Allied, P.C.," as it was dissolved in 1993.

42.     Denied.  Between 2000 and the present, 7622 Medical issued bills, medical records, medical reports and other documents on behalf of Answering Defendants to State Farm in support of claims submitted  for medical services that had been medically necessary and appropriately rendered.  By way of further answer, any bills submitted by 7622 Medical under the designation "Allied, P.C.," as opposed to "Allied," were in error, as "Allied, P.C." was dissolved in 1993.

-10-

43.     Denied.  By way of further answer, the response to the allegations of paragraph 42 are incorporated as though set forth in full.

44.     Denied.  By way of further answer, the response to the allegations of paragraph 42 are incorporated as though set forth in full.

45.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

46.     Denied.  By way of further answer, the response to the allegations of paragraph 42 are incorporated as though set forth in full.  By way of further response, to the extent that this paragraph contains conclusions of law, no further responsive pleading is required.

47.     Denied.  None of the Answering Defendants were engaged in any scheme to defraud State Farm, or any other insurance company, nor did they ever use the mails to execute any such scheme.  By way of further response, and to the extent this paragraph contains conclusions of law, no further responsive pleading is required.

(a)     Answering Defendants on behalf of  7622 Medical provided medically necessary and appropriate medical treatment to their  patients and properly billed State Farm in connection therewith.

(b)     Denied.  By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(c)     Denied.  By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(d)     Denied.  By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(e)     Denied.  By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(f)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(g)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(h)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(I)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(j)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(k)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(l)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(m)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(n)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(o)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(p)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(q)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(r)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(s)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(t)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(u)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

(v)     Denied.   By way of further answer, the response to the allegations of paragraph 47(a) are incorporated as though set forth in full.

48.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

49.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

50.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

51.     Denied.   The Pennsylvania Corporation Bureau has records showing ownership interest and corporate information regarding 7622 Medical, Allied, Allied, P.C., Jefron, and 1900 S.G. Associates.   By way of further response, Answering Defendants specifically deny allegations that they "sought to insulate themselves from liability for fraudulent and illegal conduct."

52.     Denied.  By way of further response, the allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

## COUNT I

## Fraud Against All Defendants

53.     The responses to the allegations of paragraphs 1 through 52 are incorporated as though set forth in full.

54.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

55.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

56.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

57.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

58.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor, including costs and reasonable attorney's fees.

## COUNT II

### Statutory Insurance Fraud Violations of
### 18 Pa.C.S. §4117, et seq. Against All Defendants

59.     The responses to the allegations of paragraphs 1 through 58 are incorporated as though set forth in full.

60.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

61.      Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

62.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

63.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

64.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

65.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

66.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

67.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

68.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

69.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

70.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

71.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

72.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

73.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor, including costs and reasonable attorney's fees.

### COUNT III

### Violation of RICO, 18 U.S.C. §§1962(c), 1964(c) Against All Defendants

74.     The responses to the allegations of paragraphs 1 through 73 are incorporated as though set forth in full.

75.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

76.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

77.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

78.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

79.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

80.     Denied.  By way of further answer, the responses to the allegations of paragraphs 19-51 are incorporated as though set forth in full.

81.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

82.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

83.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

84.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor, including costs and reasonable attorney's fees.

## COUNT IV

### Conspiracy To Violate RICO, 18 U.S.C. §1962(c)
### In Violation Of 18 U.S.C. §1962(d) Against All Defendants

85.     The responses to the allegations of paragraphs 1 through 84 are incorporated as though set forth in full.

86.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

87.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

88.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

89.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

90.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

91.     Denied.  By way of further answer, the responses to the allegations of paragraphs 19 through 51 are incorporated as though set forth in full.  By way of further answer, the remaining allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

92.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

93.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

94.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

95.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, Answering Defendants request judgment in their favor, including costs and reasonable attorney fees.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to set forth claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

All claims are barred by the Doctrine of Laches.

## THIRD AFFIRMATIVE DEFENSE

All claims are barred by the Doctrine of Waiver.

## FOURTH AFFIRMATIVE DEFENSE

All claims are barred by the Doctrine of Unclean Hands.

## FIFTH AFFIRMATIVE DEFENSE

All claims are barred by the Doctrine of Estoppel.

## SIXTH AFFIRMATIVE DEFENSE

All claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

All claims against the individual Answering Defendants are barred by the fact that plaintiffs seek relief that would violate express prohibitions of Pennsylvania statutory law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' RICO claims are barred by failing to state and establish an enterprise distinct from defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' RICO claims are barred by failing to state and establish an adequate "pattern" of racketeering.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' RICO claims are barred by failing to state and establish that the enterprise was operated "through" a pattern of racketeering activity.

## ELEVENTH AFFIRMATIVE DEFENSE

The doctrine, theory and use of "respondeat superior" and/or agency does not apply in the context of the RICO allegations of the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' RICO claims are barred by failing to state an established separate "schemes" as required to satisfy the requirements of the necessary predicate acts.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any mailings by or on behalf of Answering Defendants were not made "for the purpose of executing" any scheme to defraud as required by the Federal Mail Fraud Statute.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any conduct by an agent of Answering Defendants did not include the requisite elements of "specific intent and/or contemplated harm" as required by the Federal Mail Fraud Statute.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' RICO claims are barred by failing to state and establish the predicate act elements of reliance on the mailings made by any agent of Answering Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

No causal connection exits between the alleged misrepresentations of Answering Defendants and plaintiffs' alleged injury.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' fraud claims are barred by the doctrine of contributory negligence and/or comparative negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred by the absence of a causal connection between the conduct of Answering Defendants and the harm alleged by plaintiffs.

## COUNTERCLAIM

Plaintiff, 7622 Medical Center, P.C., by and through its attorneys, Dolchin, Slotkin & Todd, P.C., hereby files this Counterclaim and aver as follows:

### Parties

1.      Plaintiff, 7622 Medical Center, P.C. ("7622 Medical") is a professional corporation licensed to conduct business in the Commonwealth of Pennsylvania with its principal place of business located at 7622 Ogontz Avenue, Philadelphia, PA 19150, and is engaged in the business of providing medical care and treatment.

2.      1900 S.G. Associates is a fictitious name registered on behalf of 7622 Medical under which 7622 Medical conducts a medical practice at 2000 Spring Garden Street, Philadelphia, PA 19130 and where it is engaged in the business of providing medical care and treatment.

3.      Allied Medical Group is a fictitious name registered on behalf of 7622 Medical under which 7622 Medical conducts a medical practice at 1200 Walnut Street, Philadelphia, PA 19107 and where it is engaged in the business of providing medical care and treatment.

-21-

4.      Defendants are State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm"), which are corporations licensed to conduct business in the Commonwealth of Pennsylvania with their principal place of business located at 11 Weldon Drive, Doylestown, PA 18901.

**Venue**

5.      State Farm regularly conducts business within the City and County of Philadelphia.

6.      The transaction and/or occurrence out of which the cause of action arose took place in Philadelphia County.

7.      Venue of this action properly belongs in the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391(a).

**Background**

8.      7622 Medical is a Pennsylvania professional corporation operating out of three (3) different locations.

9.      The portion of practice doing business as 7622 Medical Center is operated out of 7622 Ogontz Avenue, Philadelphia, PA 19150.

10.      The portion of practice doing business as 1900 S.G. Associates, which is a fictitious name that was registered by 7622 Medical, operates out of 2000 Spring Garden Street, Philadelphia, PA 19130.

11.      The portion of practice doing business as Allied Medical Group, which is a fictitious name registered by 7622 Medical, operates out of 1200 Walnut Street, Philadelphia, PA 19107.

12.      In the ordinary course of its business, 7622 Medical issued bills and/or invoices for patient services.

-22-

13.     State Farm is licensed to engage in the writing of automobile insurance policies in the Commonwealth of Pennsylvania.

14.     State Farm provides insurance coverage to its customers, _inter alia_, for first-party automobile insurance medical benefits.

15.     When providing first-party medical benefits for its insureds within the Commonwealth of Pennsylvania, State Farm is obligated to comply with the express provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") 75 Pa.C.S.A. §1701, et seq. and the provisions of the insurance code promulgated thereto.

16.     For a period from on or about 2000 through the present, inclusive, 7622 Medical submitted health insurance claim forms for medical treatment and care provided to patients for whom insurance coverage is provided by State Farm.

17.     All medical treatment provided to patients by 7622 Medical was performed in conformity with the requirement of MVFRL.

18.     State Farm, without lawful justification, has refused to pay the claims submitted by 7622 Medical with the amount of $487,973.74 owing and due.

19.     Without legal justification, State Farm has refused payment of the first-party benefit insurance claims submitted for payment by 7622 Medical, for reasonable and necessary medical treatment rendered to their patients.

## COUNT I

## Overdue Benefits Under Section 1716

20.     Plaintiffs incorporate the allegations of paragraphs 1 through 19 as though set forth in full.

21.    Section 1716 of the MVFRL entitled <u>Payment of Benefits</u> provides:

> Benefits are overdue if not paid within thirty (30) days after the insurer received reasonable proof of the amount of the benefits.  If reasonable proof is not supplied as to all benefits, the portions supported by reasonable proof is overdue if not paid within thirty (30) days after the proof is received by the insurer.  Overdue benefits shall bear interest at a rate of twelve (12%) percent per annum from the date the benefits become due.  In the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.  75 Pa.C.S.A. §1716.

22.    Despite the specific provisions of §1716, State Farm has refused to pay the benefits due on behalf of its insureds within thirty (30) days after receipt of proof of the amount due.

23.    The unpaid claims in the amount of $487,973.74 for 7622 Medical constitute overdue benefits within the meaning of the express provisions of the MVFRL.  75 Pa.C.S.A. §1716.

24.    Under the provisions of 75 Pa.C.S.A. §1797(b)(3), and because State Farm failed to invoke a PRO Review, State Farm acted in an unreasonable manner by refusing to pay the bills as a matter of law.  <u>Harcourt v. General Accident Insurance Company,</u> 615 A.2d 71, 79 (Pa.Super. 1992).

25.    State Farm's refusal to pay the overdue benefits constitutes an express violation of §1716, which entitle plaintiff to recover the overdue benefits and interest at a rate of twelve (12%) percent per annum to be computed from thirty (30) days after submission of each claim through the present.

WHEREFORE, Plaintiff, 7622 Medical Center, P.C., respectfully requests this Honorable Court to enter judgment against State Farm in the total amount of $487,973.74 with interest at a rate of twelve (12%) percent per annum from thirty (30) days after submission of each insurance claim form through the present, plus costs of suit.

## COUNT II

### Attorney Fees Under Section 1716 and 1798

26.     Plaintiff incorporates the allegations of paragraphs 1 through 25 as though set forth in full.

27.     Under the provisions of 75 Pa.C.S.A. §1797(b)(3), a carrier must pay a provider within thirty (30) days after a bill is submitted when no PRO Review has been commenced. Harcourt, supra, 615 A.2d at 79 (where the court held "...§1797(b)(3) clearly requires an insurance carrier to pay the provider any disputed amounts for treatment which have not been challenged within thirty-one (31) or more days after the carrier received the bill for treatment.").

28.     By failing to request a PRO Review, and despite the requirements of §1791(b)(3), State Farm's failure to pay benefits when due is unreasonable and/or without a reasonable foundation.  See Danton v. State Farm Mutual Automobile Insurance Company, 769 F.Supp. 174, 177 (E.D.Pa. 1991) (where the court found that §1797 sets out the exclusive system for the insurance company to challenge the reasonableness and the necessity of treatment).

29.     Because State Farm acted in an unreasonable manner by refusing to pay the benefits when due, plaintiff is entitled to attorney's fees based upon actual time expended under the express provisions of §1716.

-25-

30.     In addition, and because State Farm acted without a reasonable foundation, plaintiff is entitled to an award of attorney's fees under 75 Pa.C.S.A. §1798(b), which provides in pertinent part:

> In the event an insurer is found to have acted without any reasonable foundation in refusing to pay the benefits [due]...when due, the insurer shall pay in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

WHEREFORE, Plaintiff, 7622 Medical Center, P.C., respectfully requests this Honorable Court to enter an Order directing State Farm to pay a reasonable attorney's fee based upon the actual time expended.

## COUNT III

### Treble Damages Under Section 1797

31.     Plaintiff incorporates the allegations of paragraphs 1 through 30 as though set forth in full.

32.     Pursuant to the insurance claim forms submitted to the carrier, State Farm was notified of its obligation to pay plaintiff.

33.     Despite submission of the claims, State Farm ignored its obligations to pay benefits when due under the MVFRL.

34.     State Farm's conduct must be considered to be wanton and subject State Farm to payment of treble damages pursuant to 75 Pa.C.S.A. §1797(b)(4) which provides in pertinent part:

> A provider of medical treatment or rehabilitative services...may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services...the reasonableness or necessity of which the insurer has not challenged for a PRO.  Conduct considered to be wanton shall be subject to a payment of treble damages to the insured party.

-26-

WHEREFORE, Plaintiff, 7622 Medical Center, P.C., respectfully requests this Honorable

Court to enter judgment against State Farm in the amount of $1,463,921.22 for treble damages.

DOLCHIN, SLOTKIN & TODD, P.C.


_____JWT 2035_____JM2010_____
JOEL W. TODD, ESQUIRE
JULIA MORROW, ESQUIRE
ID #s:  17719; 75409
One Commerce Square - 24th Floor
2005 Market Street
Philadelphia, PA 19103
215-665-3502
215-665-1565 (fax)

Attorneys for 7622 Medical Center, P.C.,
1900 SG Associates, Allied Medical Group,
Arnold Lincow, D.O., Richard Mintz,
D.O.,Richard Butow, D.C., Stephen
Hennessy, D.C., and Lawrence Forman, D.O.

DATE:____12/14/05____

## <u>CERTIFICATE OF SERVICE</u>

I, Joel W. Todd, Esquire, counsel for defendants, 7622 Medical Center, P.C., 1900 SG Associates, Allied Medical Group, Arnold Lincow, D.O., Richard Butow, D.C., Stephen Hennessy, D.C., and Lawrence Forman, D.O., do hereby certify that I have caused the aforesaid **RESPONSE TO THE COMPLAINT BY DEFENDANTS 7622 MEDICAL CENTER, P.C., 1900 SG ASSOCIATES, ALLIED MEDICAL GROUP, ARNOLD LINCOW, D.O., RICHARD MINTZ, D.O., RICHARD BUTOW, D.C., STEPHEN HENNESSY, D.C., AND LAWRENCE FORMAN, D.O. WITH COUNTERCLAIM** to be served on the date listed below, via first class mail or electronic filing to the following:

Cy Goldberg, Esquire
Goldberg Miller & Rubin, P.C.
121 S. Broad Street, Suite 1500
Philadelphia, PA 19107
*Attorney for Plaintiffs*

Jeffrey M. Lindy, Esquire
1800 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA 19103
*Attorney for Defendant Steven Hirsh*

Abbe F. Fletman, Esquire
Wolf, Block, Schorr & Solis-Cohen LLP
1650 Arch Street
22nd Floor
Philadelphia, PA 19103-2097
*Attorney for Stephen Sacks, D.O.*

Ogontz Pharmacy
785 S. Front Street
Philadelphia, PA 19147


                                                   JWT 2035

Date:   12/14/05                            JOEL W. TODD, ESQUIRE