IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE FARM MUTUAL AUTOMOBILE  :    CIVIL ACTION
INSURANCE CO. et al.,       :    NO. 05-5368
                              :
          Plaintiffs,    :
                              :
        v.                :
                              :
ARNOLD LINCOW, D.O. et al.,   :
                              :
          Defendants.    :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                 MARCH 10, 2008

        Plaintiffs State Farm Mutual Automobile Insurance Co. and State Farm Fire and Casualty Insurance Co. ("State Farm") brought RICO and fraud actions against certain health-care providers who were allegedly involved in a scheme to defraud Plaintiffs by billing them for medical services that were either never provided or provided improperly.  Defendant health-care providers filed a counterclaim against State Farm for payment of allegedly overdue benefits.

        Following a hearing on all pending discovery motions on February 4, 2008, the Court adjudicated all motions but two. This memorandum address those two motions (doc. nos. 336, 362).[1]

---

[1] Before the Court are two more in the seemingly endless conga line of discovery-related motions in this matter.  Since this action was commenced on October 13, 2005, the parties have filed no fewer than 78 discovery-related motions, many including

I.    MOTION FOR RECONSIDERATION: COUNTERCLAIM MEDICAL CHARTS

    A.   Background

        Defendants filed a counterclaim against State Farm seeking payment of allegedly overdue benefits.  At a November 29, 2006 hearing on discovery motions, after State Farm complained that Defendants were increasing the number of patients that were the subject of the counterclaim, the Court limited the number to 244 patients: "There could be less, but there could be no more. He can't show up at trial with 1,000 patients.  He has [244] patients."  Tr., Nov. 29, 2006, at 28:5-8.

        State Farm subsequently moved to compel production of complete medical charts for the 244 patients that were the subject of the counterclaim.  The Court granted the motion: "Defendants shall provide Plaintiffs the medical charts for each of the 244 patients for which Defendants are seeking payment in their counterclaim."  Order, Nov. 29, 2006, ¶ 6.

        Defendants produced medical charts, but, contrary to the Court's order, only for 196 patients, not 244.  State Farm filed another motion to compel, and the Court ordered production of the remaining 48 medical charts: "Defendants shall produce the

---

multiple subparts, and submitted numerous letters to the Court concerning discovery disputes.  In turn, the Court has held 11 hearings solely to adjudicate those multitudinous discovery motions--yet the parties are <u>still</u> engaged in fact discovery, well over two years after the commencement of the case.

balance of the medical charts within 14 days." Order, June 19, 2007, at 1 (doc. no. 287).

Beginning on June 29, 2007, the parties filed several stipulations indicating that Defendants were withdrawing the counterclaim as to certain patients. See Stip., June 29, 2007 (doc. no. 302); Stip., July 27, 2007 (doc. no. 312); Stip., Aug. 8, 2007 (doc. no. 314). After the stipulated withdrawals, only 161 patients remained as part of the counterclaim. Despite the partial withdrawal of the counterclaim, State Farm contends that, pursuant to the prior orders of the Court, it is entitled to--and Defendants should be sanctioned for failing to provide--discovery pertaining to 48 of the patients as to whom the counterclaim was withdrawn.

B.   Sanctions Motion and Ruling on Request for Admissions

State Farm filed a motion to compel and for sanctions, arguing that the withdrawal of the counterclaim as to 48 patients does not justify Defendants' noncompliance with the Court's prior orders, which remain in effect (doc. no. 336). State Farm also argued that the files pertaining to the 48 patients who are no longer the subject of the counterclaim remain relevant, speculating that Defendants may have withdrawn the counterclaim as to those 48 patients because the discovery pertaining to them contains unfavorable information. State Farm sought an order

-3-

compelling the discovery and sought sanctions pursuant to Rule 37(d)(2)(B)--namely, that the counterclaim be dismissed.

At a February 4, 2008 hearing on the motion, the parties discussed during oral argument a prior ruling of the Court concerning a request for admissions in connection with the patients that were no longer the subject of the counterclaim, and its effect on the instant dispute.  The ruling is significant here because it undermines State Farm's argument that it is entitled to discovery in connection with those patients.

Specifically, State Farm served requests for admissions concerning the patients as to whom the counterclaim was withdrawn, and when Defendants objected to them as irrelevant, filed a motion to compel.  The Court denied the motion to compel, discussing it in detail at the hearing.  <u>See</u> Hrg. Tr., Oct. 24, 2007, at 29-43.

> [S]imply because you can hypothesize that there may be something there that is helpful doesn't open the door at this point in time. I think Rule 26 is instructive in that regard . . . .  It really has three levels of discovery.  It has those matters which are . . . relevant to the claims [or] defenses, and those [you] should be largely entitled [to] as a matter of right. Then you have matters which are relevant to the subject matter of the lawsuit and that broadens the discovery, and although they need not be admissible at trial, the discovery [must] appear[ ] reasonably calculated to lead to the discovery of admissible evidence.  This requires good cause, and good cause then puts us into a balancing situation, including probative value versus expense . . . .  [H]ere this is really a request for good cause discovery.  I think under these circumstances that test is not met.

-4-

<u>Id.</u> at 43.[2]  The Rule 26 analysis underlying the ruling on the request for admissions applies equally here: State Farm is not entitled to discovery concerning the patients who are no longer the subject of the counterclaim because it has not shown any "good cause" for the discovery.

At the February 4 hearing, the Court suggested that the same Rule 26 analysis applied to the motion to compel and for sanctions.  However, because counsel representing State Farm at the hearing was not familiar with the Court's prior ruling, the Court denied the motion to compel and for sanctions without prejudice, granting State Farm leave to familiarize itself with the Court's prior ruling and inform the Court whether it would like to renew the motion for sanctions (doc. no. 390).  State Farm subsequently indicated that it would like to renew the motion for sanctions.[3]

---

[2]     The third level of discovery involves initial disclosures under Rule 26(a)(1), which a party has a right to receive without even making a specific request.

[3]     On February 19, 2008, after the Court denied the motion without prejudice, counsel for State Farm informed the Court by letter that he would like to renew the motion, and defense counsel sent a letter in reply on February 21, 2008.  The Court will construe the February 19 letter as a motion for reconsideration of the Court's order denying without prejudice the motion for sanctions.  The letter sent by counsel for State Farm did not request the Court to reconsider the motion to compel, and the Court does not do so.

C.   <u>Merits of the Sanctions Motion</u>

        Rule 37(b) provides:

If a party . . . fails to obey an order to provide or
permit discovery . . . the court . . . may issue
further just orders . . . [and] the court <u>must</u> order
the disobedient party, the attorney advising that
party, or both to pay reasonable expenses, including
attorney's fees, caused by the failure, unless the
failure was substantially justified or other
circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A), (C) (emphasis added).

        The Court's orders which Defendants are alleged to have

violated provide as follows:

    1.    "Defendants shall provide Plaintiffs the medical charts
          for each of the 244 patients for which Defendants are
          seeking payment in their counterclaim" (doc. no. 149).

    2.    "Defendants shall produce the balance of the medical
          charts within 14 days" (doc. no. 287).

The first issue is whether Defendants violated these orders.  The

second is, if Defendants violated the orders, whether the severe

sanction of dismissal is warranted.  The third is, if dismissal

is not warranted, whether a monetary sanction should be imposed.


        1.   <u>Failure to obey the Court's orders</u>

        Defendants disobeyed the Court's order requiring them

to provide "medical charts for each of the 244 patients for which

Defendants are seeking payment."  At the time Defendants were

required to produce the patients' charts, they had not yet

withdrawn the counterclaim as to any of those patients.  <u>See</u>

Stip., June 29, 2007 (withdrawing first set of patients from the counterclaim); Order, Nov. 29, 2006, ¶ 6 (ordering production of medical charts).  Nonetheless, Defendants produced medical charts for only 196 patients, in violation of the Court's order.

State Farm filed another motion to compel, and the Court ordered production of the remaining 48 medical charts: "Defendants shall produce the balance of the medical charts within 14 days."  Order, June 19, 2007, at 1.  Defendants also disobeyed this order.  It is undisputed that Defendants did not produce within 14 days the remaining charts for the 48 patients as to whom the counterclaim was eventually withdrawn.  Moreover, Defendants did not withdraw the counterclaim as to those patients until after they were ordered, for the <u>second</u> time, to produce the medical charts for those patients.  <u>See</u> Stip., June 29, 2007 (withdrawing first set of counterclaimants); Order, June 19, 2007, ¶ 6 (ordering production of medical charts).

## 2.   <u>Whether dismissal is a proper sanction</u>

There is no question that Defendants are in violation of the Court's orders requiring them to produce discovery by a certain date pertaining to the 48 patients who were no longer the subject of the counterclaim.  Nonetheless, because State Farm seeks the severe sanction of dismissal, the Court must consider the factors enumerated in <u>Poulis v. State Farm Fire and Casualty</u>

-7-

<u>Co.</u>, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the
> failure to meet scheduling orders and respond to
> discovery; (3) a history of dilatoriness; (4) whether
> the conduct of the party or the attorney was willful or
> in bad faith; (5) the effectiveness of sanctions other
> than dismissal, which entails an analysis of
> alternative sanctions; and (6) the meritoriousness of
> the claim or defense.

<u>Id.</u> at 868.  As discussed below, consideration of the factors

suggests that the severe sanction of dismissal is not warranted.


### a.   <u>Defendants' personal responsibility</u>

There is no indication here that the failure to produce

the counterclaim documents was caused by the Defendant health-

care providers.  State Farm agrees that it was <u>counsel</u>'s decision

(not the decision of Defendants themselves) not to produce the

discovery pertaining to the 48 patients as to whom the

counterclaim was eventually withdrawn.


### b.   <u>Prejudice to State Farm caused by delay</u>

Defendants' counterclaim has been withdrawn to the

extent that it relates to the 48 patients whose medical charts

were not produced.  Therefore, other than the cost associated

with the filing of its motions to compel and for sanctions, State

Farm cannot show prejudice to its claim on the merits, as the

charts not produced have been rendered irrelevant by the partial

-8-

withdrawal of the counterclaim.

### c.   History of dilatoriness

There is also no question that Defendants have a history of dilatoriness, but no party in this case is innocent of causing delay, whether it be by needlessly protracting discovery disputes or filing unnecessary motions.

### d.   Willful or bad faith conduct

Defendants willfully violated this Court's orders.  The fact that certain patients were withdrawn from the counterclaim does not justify disobeying the prior orders of the Court, even if the discovery required by those orders had been rendered irrelevant.  The proper course of action would have been to request that the Court modify its prior orders due to changed circumstances.  Nonetheless, because the Court later ratified Defendants' Rule 26 relevance analysis in its ruling with regard to requests for admissions pertaining to the patients as to whom the counterclaim was withdrawn, it cannot be said with certainty that Defendants failed to comply with the Court's orders in bad faith.[4]

---

[4]     Although the existence of bad faith is a factor to be weighed under Poulis when considering the sanction of dismissal, the Court need not make a finding of bad faith to impose other sanctions under Rule 37(b), such as monetary sanctions.  See Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir.

e.   <u>Effectiveness of alternate sanctions</u>

The appropriate sanction in this case is not dismissal:

> The most direct and therefore preferable sanction for
> the pattern of attorney delay such as that which the
> district court encountered in this case would be to
> impose the excess costs caused by such conduct directly
> upon the attorney, with an order that such costs are
> not to be passed on to the client, directly or
> indirectly.  This would avoid compelling an innocent
> party to bear the brunt of its counsel's dereliction.
> Dismissal must be a sanction of last, not first,
> resort.

<u>Id.</u> at 869.  The circumstances here do not warrant the severe
sanction of dismissal.  Defense counsel's failure to comply with
the Court's orders or to request that the Court modify its prior
orders can be effectively addressed with monetary sanctions.

f.   <u>Meritoriousness of the counterclaim</u>

State Farm has not shown in its motion that the
counterclaim lacks merit.

Accordingly, upon consideration of the <u>Poulis</u> factors,
the motion for reconsideration will be denied in part as to the
request that the counterclaim be dismissed.

3.   <u>Whether monetary sanctions are warranted</u>

The Court has a mandatory obligation in the event that
a party fails to obey a discovery order, in that it "must order"

---

1993) ("[S]ubsection 37(b)(2) . . . demands no demonstration of
bad faith.").

-10-

that party or its attorney or both to "pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C).

Here, monetary sanctions are warranted.  Defendants attempt to excuse their noncompliance with the Court's orders with the fact that the partial withdrawal of the counterclaim rendered irrelevant the discovery required by those orders. Although this may be true, the proper course of action for Defendants was to seek modification of the Court's prior orders, not simply to disobey them.

Accordingly, the motion for reconsideration will be granted in part, and monetary sanctions will be imposed on defense counsel.[5]  The motion will otherwise be denied.


II.  MOTION FOR SANCTIONS: VERIFICATIONS

   A.   <u>Background</u>

State Farm has repeatedly requested that Defendants properly verify their discovery responses.  Initially, Defendants had submitted responses verified only by Defendant Arnold Lincow, D.O., instead of by all Defendants.  Since then, Defendants have failed--despite three motions to compel and two orders of the

---

[5]   The amount of the sanctions and the timing of payment will be decided after a hearing to be scheduled at a later date.

Court--to provide proper verifications binding each Defendant.

Most recently, in its order of October 25, 2007, the Court required each Defendant to "provide, by November 9, 2007, a verification stating that to the best of his or her knowledge, information, and belief, the answers provided are true and correct" (doc. no. 353).  Defendants supplied verifications stating that "[Defense counsel] has submitted responses . . . jointly through information and documents provided by the 7622 Medical Center, P.C. . . .  To the best of my knowledge, the information is true and correct."  Plf.'s Mot. to Compel and for Sanctions (doc. no. 362), Exs. L-N.  State Farm argues that the language concerning "information" injects confusion and is in violation of the Court's Order, and seeks an order compelling proper verifications and sanctions of $1,000.

B.    Motion to Compel[6]

Defense counsel has repeatedly avoided the obligation to submit binding verifications despite orders of this Court requiring him to do so.  At a hearing on a previous motion to compel the verifications, the following exchange took place:

MR. TODD [defense counsel]: [S]o, the way I framed this

---

[6]    At the hearing on the instant motion, the Court indicated that the verifications supplied by defense counsel were inadequate and that it would, yet again, order defense counsel to supply proper verifications.  Nonetheless, the Court took the motion under advisement to consider the propriety of sanctions.

verification was that when that verification--when that discovery response was filed, I represented [Defendants], and that the information that was provided I had the authority to provide, and that it was true and correct to the best of their knowledge. Your Honor, that to my knowledge, binds them.  I am their counsel of record.

THE COURT: Yes, but why is there a need that--to add to it?  It seems that it injects a level of uncertainty. The rule [Federal Rule of Civil Procedure 33(b)(1)-(b)(2)] provides that answers to interrogatories and the verification for request of production of documents should be signed by counsel and by the party. . . . [I]n every case there is going to be some discussion between the two, and the lawyer is going to draft the answers. . . .  [W]hy can't the verification simply say that to the best of the knowledge, information and belief the answers are true and correct?  Isn't that the whole point?

MR. TODD: Your Honor, I honestly believed that was what I was doing . . . .  I will go back and have them sign it with that wording.

Hrg. Tr., Oct. 24, 2007, at 27-28.

        Despite his promise to change the verifications to accord with the Court's order, defense counsel again retained a portion of the language that the Court asked him to remove. Counsel removed the paragraph stating that Defendants were relying on the information of counsel, but retained the language stating that Defendants were participating in joint discovery through counsel.  In addition, the removed paragraph has inexplicably been replaced by another sentence concerning joint discovery.  <u>Compare</u> Plf.'s Mot. to Compel and for Sanctions (doc. no. 362), Ex. E, <u>with</u> <u>id.</u>, Ex. L.  As made clear by the prior orders of this Court, the fact that Defendants are engaging in

joint discovery does not excuse them from the requirement of Rule 33(b)(1)(3) that each Defendant must verify the interrogatories, and the mention of joint discovery in the verifications thus only creates confusion.  Accordingly, the motion to compel proper verifications will be granted.


        C.   Motion for Sanctions

        If the Court finds that its orders were disobeyed, sanctions must be imposed upon the "disobedient party, the attorney advising that party, or both" in the amount of "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(A), (C).

        Defense counsel seeks to excuse his actions by arguing that his repeated submission of improper verifications was a good faith attempt to comply with the Court's orders.  A finding of bad faith, however, is not a prerequisite for sanctions under Rule 37(b).  See Devaney, 989 F.2d 1154, 1162.  Rather, the Court "must" impose sanctions unless "circumstances make an award of expenses unjust."  No such circumstances exist here.

        Accordingly, because defense counsel has repeatedly disobeyed the orders of this Court concerning the simple task of verification despite clear instructions, and without

-14-

justification, sanctions will be imposed upon defense counsel.[7]

III. CONCLUSION

        The motion for reconsideration will be granted in part
and denied in part.  The motion to compel verifications and for
sanctions (doc. no. 362) will be granted.  Monetary sanctions
will be imposed upon defense counsel in an amount to be
determined after a hearing to be scheduled at a later date.  An
appropriate order follows.

_____

        [7]    The amount of the sanctions and the timing of payment
will be decided after a hearing to be scheduled at a later date.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE FARM MUTUAL AUTOMOBILE  :   CIVIL ACTION
INSURANCE CO. et al.,         :   NO. 05-5368
                             :
            Plaintiffs,      :
                             :
       v.                    :
                             :
                             :
ARNOLD LINCOW, D.O. et al.,   :
                             :
            Defendants.      :

_____    **O R D E R**

      **AND NOW**, this **10th** day of **March, 2008**, for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that, upon consideration of the February 19, 2008 letter from counsel for Plaintiffs, which the Court will construe as a motion for reconsideration, the motion is **GRANTED in part and DENIED in part**. The motion is granted to the extent that sanctions are imposed against defense counsel Joel Todd, Esq. The amount of the sanctions and the timing of payment will be decided after a hearing to be scheduled at a later date. The motion is otherwise denied.

      **IT IS FURTHER ORDERED** that Plaintiffs' motion to compel verifications and for sanctions (doc. no. 362) is **GRANTED**. Defendants shall supply proper verifications in accordance with this Memorandum and Order by **March 24, 2008**. Sanctions are imposed against defense counsel Joel Todd, Esq. The amount of

the sanctions and the timing of payment will be decided after a

hearing to be scheduled at a later date.


**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**