```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE FARM MUTUAL AUTOMOBILE     :    CIVIL ACTION
INSURANCE COMPANY et al.,        :    NO. 05-5368
                                 :
        Plaintiffs,               :
                                 :
     v.                          :
                                 :
ARNOLD LINCOW et al.,            :
                                 :
        Defendants.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          August 20, 2009

Before this court is Plaintiff State Farm Mutual Automobile Insurance Company's and Plaintiff State Farm Fire and Casualty Company's ("Plaintiffs") motion for Private Process Server. Relying on Fed. R. Civ. P. 4(c)(3) ("Rule 4(c)(3)"), Plaintiffs argue that a private process server is necessary to expedite the service of 64 garnishments. Defendant Arnold Lincow, D.O. ("Defendant") has opposed Plaintiffs' motion, arguing that Pennsylvania law dictates the procedure for service of a writ of execution and mandates the use of a sheriff as the process server.

I.   FACTS AND BACKGROUND

On March 26, 2009, following a lengthy jury trial, this Court ordered that judgment be entered in favor of Plaintiffs against all Defendants in the amount of $4,049,741.00. (3/26/09 Judgment ¶ 1, doc. no. 593.) In addition to compensatory

damages, punitive damages were also awarded against all Defendants.  Defendant Lincow was found personally liable for punitive damages in the amount of $5,000,000.00.  Id. ¶ 1.  Defendant 7622 Medical Center, P.C. d/b/a 1900 S.G. Associates and Allied Medical Group were found liable for punitive damages in the amount of $2,500,000.00. Id. ¶ 6.  Defendants Lawrence Forman, D.O.; Richard Mintz, D.O.; Stephen Hennessy, D.C.; and Richard Butow, D.C. were found liable for punitive damages in the amount of $600,000.00 each.  Id. ¶¶ 2-5.  Defendants Medical Management Consulting, Inc.; Allied Medical Group, P.C.; and Jefron X-Ray, Inc. were found liable for punitive damages in the amount of $500,000.00 each.  Id. ¶¶ 7-9.

Plaintiffs have filed 12 writs of execution and are seeking to serve upon 64 garnishees. (Pls.' Motion ("Pls.' Mot.") ¶ 7, doc. no. 786.)  Due to the complexity of this procedure and the large number of garnishees that have to be served, Plaintiffs are requesting leave to employ a private process server. Plaintiffs are willing to incur all the necessary financial burdens involved in doing so.  (Pls.' Mot. ¶ 15.)

II.  DISCUSSION

Of issue is whether this Court may allow Plaintiffs to employ a private process server to serve any and all writs of execution in this matter.  Defendant asserts two arguments

against the use of a private process server.  First, Defendant argues that Federal Rule of Civil Procedure 69(a)(1) requires that this Court apply Pennsylvania Rule of Civil Procedure 3108, which mandates that a writ of execution be served by a sheriff.  Second, Defendant argues more generally that Plaintiffs' use of a private process server would deprive him of due process.

> A.   <u>Federal Rule of Civil Procedure 4(a)(3) Applies in This Case</u>

Rule 69(a)(1) provides that "a money judgement is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution -- and in proceedings supplementary to and in aid of judgement or execution -- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1)

Defendant argues that Pennsylvania Rule of Civil Procedure 3108 governs the instant case, requiring that a writ of execution to a third party who is not the Defendant be served by a sheriff.  Pa. R. Civ. P. 3108.  Defendant's argument is flawed in that it fails to recognize the primacy of Federal Rule of Civil Procedure 4(c)(3).

Rule 4(c)(3) allows that "at the plaintiff's request, the court may order that service be made by a United States

marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).  See <u>United Student Aid Funds, Inc. v. Gary's Grading & Landscaping</u>, No. 6:07-cv-1140-Orl-19DAB, 2009 WL 161711, at *6 (M.D. Fla. Jan. 21, 2009) (applying Rule 4(c)(3) and affirming that a marshal is not required for there to be proper effectuation of service).  Courts have held that the procedures outlined in Rule 4(c) govern the service of writs of garnishment in a proceeding in federal court.  See <u>United States ex rel. Tanos v. St. Paul Mercury Ins. Co.</u>, 361 F.2d 838, 839 (5th Cir. 1996) (enforcing the use of Rule 4(c) in the face of conflicting state law); <u>Mid-Continent Casualty Co. v. Everett</u>, 340 F.2d 65, 69 (10th Cir. 1965).  Accordingly, in this case, Rule 4(c)(3) specifically allows the Court to appoint a private server instead of a marshal if it so chooses.

B.   <u>Due Process</u>

Defendant makes a sweeping, yet unspecified claim that his right to due process would be denied by the use of a private server appointed by the Court.  The cases cited by the Defendant do not support his position.  <u>Jonnet v. Dollar Savings Bank of the City of New York</u>, 530 F.2d 1123 (3d Cir. 1976) is distinguishable in that it concerns a dispute over the constitutionality of the then Pennsylvania foreign attachment statutes which permitted the issuance of a writ of execution

without notice to the defendant.  <u>ABC Sewers Cleaning Co. v. Foxco, Inc.</u>, No. 90-1934, 1990 WL 139391 (E.D. Pa. Sept. 21, 1990), <u>Strick Corp. v. Thai Teak Prods. Co., Ltd.</u>, 493 F. Supp. 1210 (E.D. Pa. 1980), and <u>Local Union No. 626 United Bhd. of Carpenters & Joiners of Am. Pension Fund v. Delmarva Concrete Corp.</u>, No. 02-648, 2004 U.S. Dist. LEXIS 4385 (E.D. Pa. Feb. 24, 2004) are just as unpersuasive in that these cases concern disputes over the wrongful attachment of property of alter egos and do not involve the identity of the process server.  In fact, the judge in <u>Local Union No. 626</u> granted the plaintiff's motion to use a private process server to serve the writ of execution. 2004 U.S. Dist. LEXIS 4385 at *3.  Under these circumstances, no Constitutional deprivation of Defendant's rights would result by Plaintiffs' use of a private process server appointed by the Court.

III. CONCLUSION

        For the reasons set forth above, the motion to appoint a private process server will be granted.

Case 2:05-cv-05368-ER   Document 826   Filed 08/20/09   Page 6 of 6