IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE FARM MUT. AUTOMOBILE : CIVIL ACTION
INS. CO. and STATE FARM FIRE AND
CAS. CO., :

v. :

ARNOLD LINCOW, D.O., et al. : NO. 05-5368

**MEMORANDUM OF DECISION**

THOMAS J. RUETER December 1, 2009
Chief United States Magistrate Judge

Presently before the court is the Motion of Lawrence Forman, D.O. ("Dr. Forman") for a Determination of His Claim for Exemption from Attachment and Execution of Certain Assets (the "Motion") (Doc. No. 924). The assets in question are four sets of season tickets to the 2009-2010 season of the Philadelphia Eagles (the "Eagles Tickets"), a professional football team. The Motion was referred to the undersigned for decision by the Honorable Eduardo C. Robreno.[1]

**I.  BACKGROUND**

On March 29, 2009, Judge Robreno entered judgment in favor of plaintiffs and against all defendants, including Dr. Forman, for $4,049,741 in compensatory damages. (Doc. No. 593.) In addition, the court entered judgment in favor of plaintiffs and against Dr. Forman in the amount of $600,000 in punitive damages. Id. On June 22, 2009, plaintiffs filed a Praecipe for Writ of Execution (the "Writ") to the Philadelphia Eagles, LLC (the "Eagles"), as garnishee,

---

[1] See Order dated August 27, 2009 (Doc. No. 843).

for "all property and/or monies of [Forman] possessed by garnishee." Id. In response to the Writ, the Eagles advised that Dr. Forman is a party to a certain Ticket Agreement with the Eagles and a Stadium Builder License Agreement ("SBL Agreement") with the Philadelphia Authority for Industrial Development ("PAID"). As a result of the Writ, the Eagles have not delivered the Eagles Tickets to Dr. Forman. By his Motion, Dr. Forman requests the court to determine that all rights, titles, interest, and proceeds arising from the Ticket Agreement and the SBL Agreement, including the Eagles Tickets, are exempt from garnishment and execution for collection of the judgment entered against Dr. Forman.

## II. DISCUSSION

Under Fed. R. Civ. P. 69, the procedure to enforce a judgment by a Writ of Execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." The parties agree that the Pennsylvania Rules of Civil Procedure govern the claim of exemption filed by Dr. Forman. See Pa. R. Civ. P. 3123.1. On November 24, 2009, the court held an evidentiary hearing during which counsel for the parties, including counsel for the Eagles, appeared and presented argument. In addition, Dr. Forman and his wife, Linda Forman, testified under oath.

Dr. Forman claims that the Eagles Tickets are exempt from execution because they are owned by him and his wife as tenants by the entireties. Under Pennsylvania law, a judgment creditor may execute on property held by husband and wife as tenants by the entireties only if both spouses are judgment debtors. Klebach v. Mellon Bank, N.A., 565 A.2d 448, 450 (Pa. Super. Ct. 1989). If only one spouse is the judgment debtor, entireties property is immune from process, execution, or sale. Id. Here, the judgment entered by Judge Robreno is only

against Dr. Forman. Thus, if Dr. Forman is correct that the Eagles Tickets are entireties property owned jointly by him and his wife, the Eagles Tickets, and the license related thereto, are exempt from execution under Pennsylvania law.

At the evidentiary hearing, Dr. Forman and his wife credibly testified that they both have been season ticket holders with the Eagles since 1975, and that their account number has consistently been number 1078488. For the most part, they used monies from a joint checking account to pay for the season tickets and, on many occasions, both Dr. Forman and his wife attended the games in person. Mrs. Forman testified that when she did not attend the games, their son usually attended with her husband.

On December 9, 2000, the Philadelphia Eagles and the City of Philadelphia agreed to build a new stadium. See www.lincolnfinancialfield.com. In preparation for the opening of the new stadium, season ticket holders were required to purchase a "Stadium Builder License" from PAID. The evidence shows that Dr. Forman and his wife sent a check on a joint bank account in the amount of $3,060.00 for payment of the license fee and another check for $2,803.00 for the tickets. (N.T., 11/24/09, at 45; Ex. D-5 (check dated 9/01/01); Ex. D-7 (check dated 4/28/03); Ex. D-8 (check dated 2/27/03).)

On or about February 14, 2002, PAID prepared the SBL Agreement. The SBL Agreement references the existing account number for Dr. and Mrs. Forman, i.e., number 1078488. The SBL Agreement lists on the top left hand corner, directly under the title "Stadium Builder License Agreement," the names "Dr. and Mrs. L. Forman," with an address of 2428 Route 38, Suite 306, Cherry Hill, NJ 08002. See Ex. D-4. In the right hand corner of the SBL Agreement, the following contact information is listed:

> Contact: Dr. & Mrs. L. Forman
> Work #: xxx/xxx-xxxx
> Home #: xxx/xxx-xxxx

Id.

On the same date, the Eagles sent Dr. and Mrs. Forman a "Ticket Agreement," which listed the same information at the top of the agreement, that is, Dr. and Mrs. Forman both were listed in the left hand corner along with their address, and Dr. and Mrs. Forman both were identified as the contacts in the right hand corner of the agreement. (Ex. D-6.)

The signature lines of both Agreements, under "SBL Holder," state as follows:

> SBL HOLDER:
> By: /s/ (signature of Dr. Forman)
> Name: Lawrence S. Forman
> Title: ____(left blank)____
> Date: ____3/11/02____

(Exs. D-4, D-6.)

Both Dr. and Mrs. Forman credibly testified that it was their intention to hold the Eagles Tickets and related license as tenants by the entireties. They testified that both of their names were listed on the top of both Agreements, which was consistent with their understanding that they were owners by the entireties. However, only Dr. Forman signed the Agreements as the SBL Holder. The SBL Agreement provides that the SBL Holder is "the person or entity executing this agreement as the SBL Holder." (Ex. D-4.) Dr. Forman testified that only he signed the SBL Agreement because there was only one line available for signature and that he was signing for both himself and his wife. Counsel for Dr. Forman argued that the use of the word "By" indicates that Dr. Forman was signing for both himself and his wife.

The issue of whether Dr. and Mrs. Forman's ownership of the Eagles Tickets and related license was one of tenants by the entireties can be considered as a matter of contract interpretation. Under Pennsylvania law, when the intention of the parties is clear in the written contract, there is no need to resort to extrinsic evidence. Instead, the meaning of a clear and unequivocal written contract "must be determined by its contents alone." Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 92 (3d Cir. 2001), cert. denied, 534 U.S. 1162 (2002). However, where the contract terms are ambiguous and susceptible to more than one reasonable interpretation, the court may receive extrinsic parol evidence to resolve the ambiguity. See id at 93. A contract "will be found ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning." Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 614 (3d Cir. 1995).

In the instant case, the plaintiffs argue that the contracts in question are unambiguous in expressing that the SBL Holder is Dr. Forman alone, since only he signed the Agreements. This interpretation is consistent with the manner in which the Eagles interpret the Agreements.[2] See Resp. of Eagles to Motion ¶ 9. Dr. and Mrs. Forman testified that they are both the license and tickets holders, and both their names are listed twice on each Agreement. Dr. Forman credibly testified that only he signed the Agreements because only one signature line was available on the documents.

---

[2] No representative from PAID appeared at the hearing, so the court was not advised of its position on the question.

5

The court finds that the Agreements are ambiguous as to whether Dr. Forman and his wife own the license and the Eagles Tickets as tenants by the entireties. While only Dr. Forman signed the Agreements, both he and Mrs. Forman are identified as the contacts at the top right of each Agreement, and both Dr. and Mrs. Forman are named at the top left of each Agreement with an address. Since the Agreements are ambiguous, this court may consider parol evidence to resolve the ambiguities.

The testimony of Dr. and Mrs. Forman establishes that the Eagles Tickets, and the license associated therewith, are held by Dr. and Mrs. Forman as tenants by the entireties. Dr. and Mrs. Forman have held Eagles season tickets since 1975. The evidence shows that Dr. and Mrs. Forman have paid for the Eagles Tickets from a joint checking account. See Exs. D-1, D-2, D-3, D-5, D-7, D-8. The account number for the Forman account with the Eagles remained the same before and after the new stadium was built. Dr. and Mrs. Forman attended the Eagles games together; but on occasion their son would attend in Mrs. Forman's place. Hence, for all these reasons, this court finds that the Eagles Tickets, and license associated therewith, are held by Dr. and Mrs. Forman as tenants by the entireties and, therefore, are exempt from execution by the plaintiffs to collect on the judgment entered solely against Dr. Forman.

In the alternative, even if this court were to conclude that the terms of the Agreements are not ambiguous, and the signatory of the contracts is the sole owner of the Eagles Tickets and license, this is not dispositive because under Pennsylvania law the intent of the husband and wife to hold property by the entireties should be given effect if the evidence supports that fact. See Plastipak Packaging, Inc. v. DePasquale, 937 A.2d 1106, 1110 (Pa. Super. Ct. 2007) ("[I]ntention is the cardinal and controlling element, and if intention that the husband

and wife shall take as such, i.e., by entireties, sufficiently appears, it will be given effect.") (citation omitted), appeal denied, 956 A.2d 436 (Pa. 2008) (Table). In the absence of a writing executed by both spouses, property titled in one spouse's name alone, but treated by both spouses during the marriage as property owned by the entireties, constitutes jointly held property. See Hengst v. Hengst, 420 A.2d 370, 370 (Pa. 1980) (applying this principle to a savings plan titled in husband's name alone; property owned by the entireties where both spouses treated it as jointly held property during the marriage). See also In re Estate of Holmes, 200 A.2d 745, 747-48 (Pa. 1964) (shares of stock purchased by the husband with his own funds, but the certificates for which were issued in the name of the husband and wife, created a gift and an estate by the entireties).

Here, despite only the signature of Dr. Forman on the Agreements, it is clear that Dr. and Mrs. Forman treated the Eagles Tickets throughout their marriage as entireties property, and intended them to be held as such. This intent is confirmed by the listing of both their names on the SBL Agreement and the Ticket Agreement. Thus, under Pennsylvania law, the property must be considered as being held as tenants by the entireties. As entireties property, the Eagles Tickets, and license associated therewith, are exempt from execution.

An appropriate order follows.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge