By: Martin J. Pezzner, Esquire
Identification No.: 57696
By: Lori N. Peruto, Esquire
Identification No. 46968
PERUTO & PERUTO
150 Monument Road, Suite 515
Bala Cynwyd, PA 19004
(215)925-5800

Attorneys for Garnishees

THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY<br><br>v.<br><br>ARNOLD LINCOW, D.O., RICHARD MINTZ, D.O., STEVEN HIRSH, 7622 MEDICAL CENTER, P.C., 1900 S.G. ASSOCIATES, ALLIED MEDICAL GROUP ALLIED MEDICAL GROUP, P.C., JEFRON X-RAY, INC., OGONTZ PHARMACY, LAWRENCE FORMAN, D.O., RICHARD BUTOW, D.C., STEPHEN HENNESSY, D.C., LOLO, INC. and MEDICAL MANAGEMENT CONSULTING, INC. | CIVIL ACTION 05-5368<br><br><br>JURY TRIAL DEMAND |

GARNISHEES, A CHARLES PERUTO, SR., ESQUIRE AND MARK D. SCHAFFER, ESQUIRE'S ANSWERS TO INTERROGATORIES IN ATTACHMENT DIRECTED TO GARNISHEES

You must file with the Court verified answers to the following interrogatories in attachment within twenty (20) days after service upon you. Failure to do so may result in a default judgment being entered against you. A copy of the answers must be served on the undersigned. *If your answer to any of the interrogatories is affirmative, specify the amount and values and/or completely describe the nature of the subject property.* If your answer depends on the review of any documents, account records or other papers or electronic data, completely describe the same in exact detail (or attach a copy of the same).

1. a. At the time you were served or at any subsequent time, did you owe Defendant, Arnold Lincow, any money or were you liable to the aforementioned Defendant on any negotiable or other written instrument, or did the aforementioned Defendant claim that you owed any money or were liable to Defendant, for any reason?

```
Garnishees do not owe Defendant any money. Defendant, Arnold Lincow, has filed
a lawsuit in Philadelphia County captioned Arnold Lincow et al. vs. A. Charles
Peruto, Sr., Esq. et al., CCP Philadelphia County, No. 091203060. Defendant,
Lincow, is making a claim against Garnishees that money is owed by Garnishees
to Defendant, Lincow.
```

b. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

```
N/A.
```

2. a. At the time you were served or at any subsequent time, was there in your possession, custody, or control or in the joint possession, custody, or control of yourself or one or more other persons any property of any nature owned solely or in part by the aforementioned Defendant?

```
No.
```

b. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

```
N/A.
```

3. a. At the time you were served or at any subsequent time did you hold legal title to property of any nature owned solely or in part by the aforementioned Defendant or in which this Defendant held or claimed any interest?

```
No.
```

    b. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

```
N/A.
```

4. a. At the time you were served or at any subsequent time, did you hold as fiduciary any property in which the aforementioned Defendant had an interest?

```
No.
```

    b. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

```
N/A.
```

5. a. At any time before or after you were served did the aforementioned Defendant transfer or deliver property of any nature to you or to any person or place pursuant to your direction or consent and, if so, what was the consideration therefore?

```
Defendant, Arnold Lincow, paid Garnishees $50,000 for legal services rendered.
```

    b. To the extent your answer to 5a was in the affirmative, identify the property transferred and/or delivered and the person and/or place the property was transferred and/or delivered.

```
A check for payment of legal fees was remitted to garnishees.
```

    c. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

```
See fee agreement attached hereto.
```

   6.  a. At any time before and/or after you were served did you pay, transfer or deliver any money or property of any nature to the aforementioned Defendant or to any person or place pursuant to the aforementioned Defendant's direction or otherwise discharge any claim of the aforementioned Defendant against you?

```
Legal services were provided to Defendant, Lincow. However, Garnishees did not
pay, transfer or deliver any money to Defendant, Lincow.
```

    b. To the extent your answer to 6a was in the affirmative, identify the amount of money and/or the nature of the property paid, transferred and/or delivered to the Defendant.

```
                              N/A.
```

    c. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

```
                              N/A.
```

   7.  a. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the aforementioned Defendant have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or Federal law? If so, identify each account and state the reason for the exemption, the amount being withheld under each exemption and the entity electronically depositing those funds on a recurring basis.

```
                              N/A.
```

    b. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

```
                              N/A.
```

8. a. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the aforementioned Defendant have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa. C.S. §8123? If so, identify each account.

N/A.

b. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

N/A.

9. a. Identify every account (not previously noted) titled in the name of the aforementioned Defendant in which you believe that Defendant may have an interest in whole or part, whether or not styled as a payroll account, individual retirement account, tax account, lottery account, partnership account, joint or tenants by the entirety account, insurance account, trust or escrow account, attorney's account, or otherwise.

N/A.

b. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

N/A.

10. a. At the time you were served or at any subsequent time, did you have, share or utilize any safe-deposit boxes, pledges, documents of title, securities, notes, coupons, receivable, license, or collateral in which there was an interest claimed by the aforementioned Defendant?

N/A.

b. To the extent that your above answer depends in whole or part on documents, account records, other papers or electronic data, describe each in exact detail (or attach copy of the same).

N/A.

PERUTO & PERUTO

*Martin J. Pezzner*
Martin J. Pezzner, Esq.
Lori N. Peruto, Esq.
Attorneys for Garnsihees

Date: 5/28/2010

*A. Charles Peruto*
*Attorney at Law*
*Washington West Building*
*936 South 8th Street*
*Philadelphia, PA 19106-1895*

*215-925-6800*

*Fax # 215-925-1890*

## FEE AGREEMENT

A. CHARLES PERUTO, ESQUIRE and MARK D. SCHAFFER, ESQUIRE, herein after referred to as "lawyers" and Dr. Arnold Lincow herein after referred to as "client" agree as follows.

Attorneys will represent client in the matter of <u>United States of America v. Dr. Arnold Lincow</u> in the criminal matter brought by the government against client.

In consideration of this agreement client agrees to pay a retainer fee of $100,000.00 plus costs and expenses to represent client.

It is expressly understood that this fee will be in contemplation of a plea of guilty by client together with subsequent sentence. Should there be a plea of not guilty and therefore a trial said fee must be renegotiated since neither of the parties, as of this date, knows enough to estimate the length of trial, etc. Said fee is for the purpose of retainer only.

If a trial becomes necessary then additional fee of $1,000.00 per day in court will be added to the original fee.

It is expressly understood that this Agreement obligates attorneys up until the date of sentencing whether by plea or trial and does not contemplate any services beyond that. Should there be an appeal for any reason a new fee must be negotiated.

The parties hereto hereby execute this Agreement this 24th day of February, 2003.

_____        2/24/03
A. CHARLES PERUTO, ESQUIRE        DATE

_____        2/24/03
MARK D. SCHAFFER, ESQUIRE         DATE

_____        2/24/03
DR. ARNOLD LINCOW                 DATE

## VERIFICATION

I, A. Charles Peruto, Sr., Esq., hereby state that the preceding facts set forth in the Answer of Garnishee, A. Charles Peruto, Sr., Esquire, to Interrogatories in Attachment are true and correct to the best of my knowledge, information and belief and that this Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 5/25/10

## VERIFICATION

I, Mark D. Schaffer, Esq., hereby state that the preceding facts set forth in the Answer of Garnishee, Mark D. Schaffer, Esquire, to Interrogatories in Attachment are true and correct to the best of my knowledge, information and belief and that this Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 5/25/10

*/s/ Mark D. Schaffer*

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person and in the manner indicated below:

      Service by Facsimile and First Class Mail
        addressed as follows:
      Richard M. Castagna, Esquire
      Goldberg, Miller & Rubin, P.C.
      The North American Bldg.
      121 South Broad St., Ste 1500
      Philadelphia, PA 19107

      */s/ Martin J. Pezzner*
      Martin J. Pezzner, Esquire
      Lori N. Peruto
      Peruto & Peruto
      Attorneys for Garnishees

Dated: May 28, 2010