IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., | : : : | CIVIL ACTION NO. 05-5368 |
| Plaintiffs, | : : | |
| v. | : : | |
| ARNOLD LINCOW, et al., | : : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                              JUNE 16, 2011

**I. INTRODUCTION**

       On March 26, 2009, judgment was entered in favor of Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("Plaintiffs") against several defendants. (See doc. no. 593.) Pursuant to 28 U.S.C. § 636(b)(3), the Court referred "all matters concerning execution of the judgment" to Chief Magistrate Judge Rueter. (See doc. no. 843.) Asset discovery was undertaken, and one of the defendants, Arnold Lincow ("Defendant"), subsequently filed claims for exemption under 42 Pa. Cons. Stat. § 8124(b)(1)(ix). These claims seek to exempt from execution of judgment two separate individual retirement accounts ("IRAs") which contain funds that have been held in various other accounts. On August 24 and

August 25, 2010, Judge Rueter conducted an evidentiary hearing on Defendant's claims. After inviting the parties to submit proposed findings of facts and conclusions of law, Judge Rueter issued a memorandum and order granting Defendant's claims for exemption. Plaintiffs object to Judge Rueter's ruling.

For the reasons set forth below, Plaintiffs' objections will be overruled in part and sustained in part.

**II.   BACKGROUND**

Defendant, in accordance with 42 Pa. Cons. Stat. § 8124(b)(1)(ix), seeks exemption from execution of Plaintiffs' judgment as to: (1) an AXA Equitable Accumulator IRA (the "AXA Account"); and (2) a TD Ameritrade IRA (the "TD Account"). Plaintiffs argue that Defendant did not adequately demonstrate his entitlement to the exemption. Defendant, of course, disagrees. However, while predicated on the sufficiency of the evidence presented before Judge Rueter, the parties' disagreement stems from their divergent interpretations of section 8124(b)(1). That statute provides that the following funds are exempt from the execution of a judgment:

> (ix) Any retirement or annuity fund provided for under section 401(a), 403(a) and (b), 408, 408A, 409 or 530 of the Internal Revenue Code of 1986 . . ., the appreciation thereon, the income therefrom, the benefits or annuity payable thereunder and transfers and rollovers between such funds. This paragraph shall not apply to:

>           . . .
>
>           (B) Amounts contributed by the debtor to the
>           retirement or annuity fund in excess of $15,000
>           within a one-year period.  This shall not include
>           amounts directly rolled over from other funds
>           which are exempt from attachment under this
>           subparagraph.
>
> 42 Pa. Cons. Stat. § 8124(b)(1)(ix).

Plaintiffs contend that section 8124's "provided for under" language refers to tax qualification under the Internal Revenue Code provisions set forth in the statute, and that a party seeking the exemption must therefore prove that the relevant funds have consistently been qualified.  See id. (exempting funds "provided for under [certain sections of the Internal Revenue Code] . . . and transfers and rollovers <u>between such funds</u>" (emphasis added)); <u>In re Willis</u>, 07-11010, 2009 WL 2424548, at *11 (S.D. Fla. Bankr. Aug. 6, 2009) ("Under the IRC, IRA funds rolled over from a non-qualified account retain non-qualified status.").  Defendant, on the other hand, urges that "'provided for under' is broader than 'qualified under' and thus a non-qualified plan is exempt unless or until the IRS makes a determination that a plan is disqualified."  (Def.'s Resp. to Pls.' Objections ¶ 24.)

**III. DISCUSSION**

    A.   <u>Standard of Review</u>

Broadly speaking, the Federal Magistrates Act

3

"distinguishes between two categories of matters that a district judge can refer to a magistrate judge." Nat'l Labor Relations Bd. v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992). Namely, pretrial matters and dispositive matters. See id.; 28 U.S.C. § 636(b)(1)(A) (stating a magistrate judge may "determine any pretrial matter . . . except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action"). Pretrial matters, which magistrate judges may decide, are reviewed under a clearly erroneous standard. See 28 U.S.C. § 636(b)(1)(A). Dispositive matters, by contrast, may only be resolved by way of a report and recommendation which is reviewed de novo. Id. § 636(b)(1)(B).

Here, Judge Rueter resolved Defendant's claims of exemption under a referral invoking the additional duties clause in section 636(b)(3). See id. § 636(b)(3) ("A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."). Under these circumstances, the appropriate standard of review is determined by reference to whether the case more closely resembles a pretrial matter or one of the dispositive matters in

4

the statute which can be so characterized by virtue of their "preclusive effect on the parties." Frazier, 966 F.2d at 816. Notwithstanding Defendant's attempts to analogize the parties' dispute to a routine pretrial discovery matter, this case plainly calls for de novo review because resolution of Defendant's claim will finally adjudicate the parties' rights and obligations with respect to the funds for which Defendant seeks exemption. Thus, the Court applies de novo review to Judge Rueter's memorandum and order.

B. Application

As noted, Plaintiffs argue that Defendant failed to introduce sufficient evidence to support Judge Rueter's decision because Defendant failed to show that the funds in the two IRAs were continuously tax qualified.[1] See Alliance Home of Carlisle v. Bd. of Assessment Appeals, 919 A.2d 206, 225 (Pa. 2007) (noting that, as a general matter, there is an "affirmative burden" on the party seeking an exemption "to prove entitlement to exemption"); Navistar Fin. Corp. v. Hrobuchak, No. 08-959, 2009 WL 483123, at *1-2 (M.D. Pa. Feb. 25, 2009) (indicating that

---

[1] In addition, Plaintiffs object to (1) David Pozzi's testimony regarding the AXA Account's tax qualification; (2) Judge Rueter's refusal to apply an adverse inference to missing documentary evidence pertaining to the AXA Account; and (3) Judge Rueter's alleged lack of ruling concerning excess contributions to the AXA Account. Given the Court's disposition, it is unnecessary to address these contentions at this time.

5

the party claiming an exemption under section 8124(b)(1)(ix) must prove an entitlement to it). Defendant, acknowledging that he had the "burden to prove that his IRA accounts fall within the purview of the Exemption Statute," (Def.'s Resp. to Pls.' Objections ¶ 6), argues he is not required to demonstrate tax qualification to prove that the exemption applies. Instead, according to Defendant, he met his burden of demonstrating that the exemption applies because (1) the funds are kept in an account provided for in one of the sections of the Internal Revenue Code listed in section 8124; and (2) there is no evidence of a determination that the account is (or that prior accounts from which the funds derived were) disqualified.

1. Legal Standard for Section 8124's Statutory Exemption

After acknowledging the parties' competing statutory interpretations, Judge Rueter found it unnecessary to definitively resolve this underlying legal dispute because he found that "Lincow sufficiently proved that the IRAs are exempt under the statute, and State Farm did not prove that an exception to that exemption is applicable." State Farm Mut. Auto Ins. Co. v. Lincow, No. 05-5368, 2010 WL 4909582, at *2 (E.D. Pa. Nov. 30, 2010); see also id. at *8. While the Court appreciates Judge Rueter's careful recitation of the facts and efforts to resolve the case on less contentious grounds, the Court disagrees with

6

Judge Rueter's conclusion that resolving the parties' disagreement over the statute's meaning is unnecessary to disposition of Defendant's claims. This inquiry, after all, is intimately tied to the parties' respective burdens of proof. If Plaintiffs are correct, Defendant would have to introduce evidence supporting the conclusion that the funds in the IRAs were continuously tax qualified. See 42 Pa. Cons. Stat. § 8124(b)(1)(ix); In re Willis, 2009 WL 2424548, at *11. If Defendant is correct, by contrast, qualification would be presumed absent any evidence submitted by Plaintiffs to the contrary.

Unfortunately, there is scant caselaw addressing whether tax qualification is a prerequisite to exemption under section 8124(b)(1)(ix). Defendant points to First Options of Chicago, Inc. v. Kaplan (In re Kaplan), 162 B.R. 684 (Bankr. E.D. Pa. 1993), in which the bankruptcy court opined that "the Pennsylvania legislature intentionally avoided the use of the federal terms 'qualified' and 'plan'" in section 8124 and noted that "[section 8124] appears to have been drafted to include even plans which are not technically 'tax qualified' within its scope." Id. at 696-97. Plaintiffs, on the other hand, ask the Court to interpret the statute according to the rules of statutory construction whereby "[w]ords and phrases shall be construed according to rules of grammar and according to their

7

common and approved usage." 1 Pa. Cons. Stat. § 1903. Applying this mode of interpretation, Plaintiffs urge, the term "provided for under" in section 8124 naturally refers to the conditions set forth in the relevant Internal Revenue Code sections being met. The Court agrees with this latter construction.

While the meaning of "provided for under" is somewhat ambiguous, cf. Gladwell v. Reinhart (In re Reinhart), 362 F. App'x 919, 922-23 (10th Cir. 2010) (certifying a similar question to the Utah Supreme Court), reference to the term's common and approved usage provides helpful guidance. Generally speaking, the word "provided" refers to a condition being met. See Webster's II New Riverside University Dictionary 948 (1984). Since the statute lists a series of provisions in the Internal Revenue Code under which the funds at issue must be "provided for," the Court concludes that the statute requires the conditions set forth in those sections to be met for the exemption to apply. After all, if a plan were not required to meet the Internal Revenue Code's conditions for qualification in the listed sections, there would be no need for the statute to refer to them at all.

Moreover, notwithstanding the Kaplan court's suggestion that the statute is broad enough to exempt non-qualified funds, its holding that the exemption applied was based on the fact that the plan at issue had previously been found to be qualified by

8

the IRS.  See Kaplan, 162 B.R. at 697-98.  Further, it conditioned its ruling on the plan's continuing tax qualification.  See id.  Thus, as the district court reviewing the bankruptcy court's decision explained, the bankruptcy court's holding in Kaplan was "in substance, based upon two IRS determinations that the Plan was tax qualified."  Kaplan v. First Options of Chi., Inc., 189 B.R. 882, 890 (E.D. Pa. 1995).  And, as the reviewing court clarified in construing the same statute, a plan "should be tax qualified in order to be exempt from the bankruptcy estate."  Id.; see First Options of Chi., Inc. v. Kaplan, 198 B.R. 91, 93 (E.D. Pa. 1996) ("[T]he language of the Pennsylvania exemption statute required a plan to be tax-qualified in order for it to be found exempt under th[e ] statute.").

For these reasons, the Court concludes that section 8124(b)(1)(ix)'s exemption is contingent on tax qualification and that Defendant therefore bore the burden of demonstrating that the funds in the IRAs were qualified.  With this in mind, the Court turns to assess the conclusions reached with respect to the two accounts at issue.

### 2. The AXA Account

As to the AXA Account, Judge Rueter concluded that "the evidence supports the conclusion that the funds in the AXA

9

[Account] have been held in qualified plans and rolled over, numerous times, into the AXA [Account]." Lincow, 2010 WL 4909582, at *6. Judge Rueter found as much because (1) Defendant, the trustee of the plans, testified that he believed the plans were qualified; (2) there was no evidence the IRS took any action against the IRA or that tax benefits were otherwise disallowed; (3) the officials who prepared tax returns testified that there were no irregularities with respect to the plan; and (4) Plaintiffs failed to show that the accounts were not qualified. See id. at *4, 6.

While the Court will not second-guess credibility determinations made by Judge Rueter following an evidentiary hearing, Judge Rueter appears to have placed the burden on Plaintiffs to demonstrate that the funds were not qualified. See, e.g., id. at *4 ("State Farm has failed to show that such a break in the chain occurred."); see also id. at *6 ("No evidence was presented that the tax documents for the plans were not filed."). Because section 8124's exemption is contingent on tax qualification, this was an error; it was Defendant's burden to show that the funds in the AXA Account were qualified, not Plaintiffs' burden to prove that they were not. See supra Part III.B.1.

Nevertheless, because the Court does not have the benefit of having heard the testimony firsthand and because Judge

10

Rueter's decision appears to have largely rested on a misapprehension of the burden of proof, the Court will remand this matter for further proceedings. On remand, Judge Rueter should determine whether the evidence presented before him sufficed to satisfy Defendant's burden of establishing the exemption's applicability to the AXA Account,[2] and shall prepare a report and recommendation for the Court to that effect.

3. The TD Account

With respect to the TD Account, Judge Rueter considered and rejected Plaintiffs' claims that the funds were not qualified due to certain excess contributions Defendant allegedly made. See Lincow, 2010 WL 4909582, at *8. Judge Rueter did so by examining the records produced, and crediting Defendant's testimony concerning whether he made the contributions at issue. See id. ("This notation supports Lincow's testimony that he did not make a contribution in this amount . . . ."); id. ("Lincow testified that he did not make any contributions to this IRA in 1990. . . . The evidence shows that Lincow did not make a contribution of stock to this IRA in 1990."). Having carefully reviewed the evidentiary record, the Court agrees with Judge

---

[2] Of course, it is within Judge Rueter's discretion to determine whether to consider additional evidence or to prepare the report and recommendation based on the evidence and testimony from the August 2010 evidentiary hearing.

Rueter that the evidence showed the funds were qualified and that the alleged disqualifying contributions were not made.

Plaintiffs' objections are therefore overruled with respect to the TD Account.

**IV. CONCLUSION**

For the reasons explained above, Plaintiffs' objections will be overruled in part and sustained in part. Judge Rueter's memorandum will be vacated to the extent it orders the AXA Account exempt from execution, and Judge Rueter is respectfully directed to prepare a report and recommendation concerning disposition of the exemption claimed for the AXA Account. An appropriate Order will follow.