IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE | : | CIVIL ACTION |
| INSURANCE COMPANY, et al., | : | NO. 05-5368 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ARNOLD LINCOW, D.O., et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    July 16, 2014

Defendant Richard Mintz, D.O., has filed a motion to mark the judgment entered against him satisfied. For the reasons that follow, the Court will deny the motion.

I.    BACKGROUND

This case began in October 2005, when Plaintiffs filed suit against certain health-care providers, including Defendant Richard Mintz, who were allegedly involved in various schemes to defraud Plaintiffs by billing them for medical services that were either never provided or were provided unnecessarily. See State Farm Mut. Auto. Ins. Co. v. Lincow, 715 F. Supp. 2d 617, 624 (E.D. Pa. 2010) (Robreno, J.), ECF No. 1038. Plaintiffs alleged that Defendants' actions violated the federal Racketeer

Influenced and Corrupt Organizations Act ("RICO") and the
Pennsylvania Insurance Fraud Act.

On March 26, 2009, after a four-week trial, a jury
awarded Plaintiffs $4,049,741.00 in compensatory damages against
all Defendants jointly and severally. Judgment, Mar. 26, 2009,
ECF No. 593. The jury also imposed punitive damages in specific
amounts against each defendant, for a total punitive damages
award of $11.4 million. Plaintiffs elected to receive treble
damages in place of the punitive damages award, as is provided
for under RICO and under the Pennsylvania Insurance Fraud
Statute. See Lincow, 715 F. Supp. 2d at 647. Because Plaintiffs
had prevailed on their civil RICO claims, the Court approved the
election of treble damages and imposed an amended total damages
award of $12,149,223.00. Id. at 648. The damages were imposed
jointly and severally against all Defendants. Id. at 647 n.29.

Following the entry of the amended damages award, two
defendants, Arnold Lincow, D.O., and Lawrence Forman, D.O.,
entered into settlement agreements with Plaintiffs. As a result
of each of those settlements, the parties to the settlement
filed an "Order to Satisfy Judgment," which stipulated that the
judgment entered against the settling defendant be marked
satisfied. The order as to Arnold Lincow was entered on the
docket on August 2, 2012 (ECF No. 1142), and the order as to
Lawrence Forman was entered on November 1, 2012 (ECF No. 1148).

Almost two years later, on April 29, 2014, Defendant Richard Mintz filed the instant motion to mark the judgment entered against him satisfied. ECF No. 1150. Plaintiffs responded, and both parties filed appropriate reply briefs. ECF Nos. 1151, 1153, 1155. The motion is now ripe for resolution.

## II.  DISCUSSION

In the pending motion, Mintz asks the Court to enter an order marking the judgment against him satisfied. Mintz does not contend that he has made payments that satisfy the judgment against him – in fact, Plaintiffs indicate that "[t]o date, Dr. Mintz has not made any payment on the judgment." Pls.' Resp. Opp'n Mot. Mark J. Satisfied 2, ECF No. 1151. Nor does Mintz contend that Plaintiffs have received the full award of $12,149,223.00. Rather, Mintz argues that the judgment must be marked satisfied because of the previous orders Plaintiffs filed marking the judgment satisfied as to two of Mintz's codefendants. According to Mintz, Pennsylvania law governs satisfaction of judgments, and it provides that "the satisfaction of a judgment against one jointly and severally liable defendant is a satisfaction against the other jointly and severally liable defendants." Mem. Supp. Mot. Mark J. Satisfied 1. Plaintiffs respond that federal law governs the issue, and that Mintz cannot succeed under either state or federal law.

3

A. <u>What Law Applies</u>

   The Court agrees with Plaintiffs that, under the circumstances of this case, federal law determines the effect of a third-party settlement on the satisfaction of a judgment. Although it is true that Plaintiffs brought both state and federal claims against Defendants, the matter was before this Court pursuant to federal question jurisdiction, and the treble damages award was based primarily on the federal RICO claims. Under similar circumstances, at least two circuit courts have expressly concluded that federal law determines the effect of a settlement on a judgment entered against a defendant, and no circuits have held to the contrary. See BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1278 n.7 (11th Cir. 2008) (concluding in a copyright case that "ample authority supports applying the [federal] rule to federal causes of action"); Singer v. Olympia Brewing Co., 878 F.2d 596, 600 (2d Cir. 1989) (holding in a federal securities action that, because the effect of settlement on satisfaction of judgments affects the substantive rights of parties and requires uniform application, the federal "one satisfaction rule" applies in such cases). Other courts, including the Third Circuit, have simply presumed that federal law applies to satisfaction of judgments arising from federal causes of action. See Gulfstream III Assoc., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 425, 436 (3d Cir. 1993)

4

(applying the federal rule that "a settling plaintiff is
entitled to only one full recovery" in a federal antitrust
case); see also Chisholm v. UHP Projects, Inc., 205 F.3d 731,
737 (4th Cir. 2000) (applying federal law in a case involving a
maritime claim).

    Mintz does not respond to that body of case law, instead
contending that Federal Rule of Civil Procedure 69 indicates
that state law should control. Rule 69 addresses the execution
of judgments, and it provides that "[t]he procedure on execution
– and in proceedings supplementary to and in aid of judgment or
execution – must accord with the procedure of the state where
the court is located," unless a federal statute provides
otherwise. But, as its plain language indicates, Rule 69 deals
with the procedural mechanisms used to execute a judgment – it
does not address the substantive law used to determine whether a
judgment has actually been satisfied. See Arnold v. Blast
Intermediate Unit 17, 843 F.2d 122, 124-25 (3d Cir. 1988)
(noting that, although "[a] district court is required to apply
the procedural law of the forum state 'in proceedings
supplementary to and in aid of judgment,'" "reliance on state
procedure must not thwart the supremacy of federal law"). As the
Second Circuit explained in Singer, the effect of settlement on
satisfaction of a judgment "affects substantive rather than
procedural rights of the parties," 878 F.2d at 599, which means

that the question of whether the judgment against Mintz should be marked satisfied is not within the scope of Rule 69.

Therefore, because this is a RICO case arising under federal law, and because the issue posed by Mintz's motion affects the substantive rights of the parties, the Court will apply federal law.

B. <u>Federal Law</u>

Under federal law, it is clear that Mintz is not entitled to an order marking the judgment against him satisfied – indeed, Mintz implicitly concedes as much, never arguing that he can succeed under federal law. The general rule applied by federal courts regarding satisfaction of judgments in multiple tortfeasor cases is that "a settling plaintiff is entitled to only one full recovery" for his injury. <u>Gulfstream III Assoc.</u>, 995 F.2d at 436. Therefore, when a plaintiff settles with one alleged tortfeasor, the "amounts received in settlement . . . are credited against judgments for the same injury against non-settling tortfeasors." <u>BUC Int'l Corp.</u>, 517 F.3d at 1276. By offsetting a plaintiff's recovery in that manner, the rule "prevent[s] the plaintiff from recovering twice from the same assessment of liability." <u>Chisholm</u>, 205 F.3d at 737.

That so-called "one satisfaction rule" "has its roots in elementary principles of tort law," <u>BUC Int'l Corp.</u>, 517 F.3d at 1276, and it is now embodied in both the Restatement (Second) of

Torts and the Restatement (Second) of Judgments. Specifically, § 885 of the Restatement (Second) of Torts provides as follows:

> (1) A valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others liable for the same harm, unless it is agreed that it will discharge them.
>
> (2) A covenant not to sue one tortfeasor or not to proceed further against him does not discharge any other tortfeasor liable for the same harm.
>
> (3) A payment by any person made in compensation of a claim for a harm for which others are liable diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment.

Restatement (Second) of Torts § 885 (1979).

Similarly, § 50 of the Restatement (Second) of Judgments provides that "[a] satisfaction or release of the judgment . . . does not discharge the liability of any of the other persons liable for the loss," but "[a]ny consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss." Restatement (Second) of Judgments § 50 (1982). Put more simply, both Restatements indicate that a settlement by

7

one joint tortfeasor does not automatically release the others, but it does diminish the amount the plaintiff may recover from any non-settling tortfeasors.

Applied here, that "one satisfaction rule" does not entitle Mintz to the automatic entry of an order that the judgment against him has been satisfied. Mintz does not contend that the full amount of the judgment has been paid; rather, he argues that the judgment against him must be deemed satisfied because two of his codefendants settled with Plaintiffs and entered stipulations that the judgment be marked satisfied as to those particular defendants. Under the principles articulated in the Restatements and in the relevant case law, however, Mintz is merely entitled to a reduction in the amount owed. Until there has been "one full recovery" by the injured party, the federal "one satisfaction rule" does not operate to foreclose additional recovery from other tortfeasors. See Gulfstream III Assoc., 995 F.2d at 436. In other words, the fact that a judgment has been deemed satisfied specifically as to one defendant does not necessarily mean that the judgment has been fully satisfied, such that the plaintiff cannot collect from any other joint tortfeasor in the future. Accordingly, Mintz's arguments in his motion do not provide an appropriate basis for the Court to enter an order that the judgment against Mintz has been satisfied.

C. Pennsylvania Law

Even if Pennsylvania law did apply under these circumstances, the result would not be any different. Mintz suggests that Pennsylvania applies a more stringent version of the "one satisfaction rule," pursuant to which the "act of marking a judgment satisfied against one joint tortfeasor precludes recovery against another joint tortfeasor, even where plaintiff received substantially less than [the] judgment amount." Mem. Supp. Mot. Mark J. Satisfied 3. He relies primarily on the Pennsylvania Supreme Court's opinion in Brandt v. Eagle, 602 A.2d 1364 (Pa. 1992), to support that proposition.

In Brandt, a plaintiff was injured in a car accident, brought suit against one defendant, submitted all of her damages to a jury, and was awarded a judgment in her favor. Brandt, 602 A.2d at 1366. After the entry of the judgment, the plaintiff reached a settlement agreement with the defendant for substantially less than the judgment amount. Id. She then brought suit against a different defendant, alleging the same damages that were presented to the first jury. Id. Based upon those facts, the Pennsylvania Supreme Court held that the plaintiff's second suit was barred. In so holding, the court affirmed the traditional rule that, once a judgment has formally been marked satisfied on the docket, a plaintiff is barred from suing other tortfeasors for the same harm "because the law

9

presumes that full satisfaction for the harm incurred has been received." Id. at 1367. The court emphasized the "important policy reasons" behind that rule, noting that it encourages settlement and promotes certainty and predictability in the law by not permitting parties to later question the sufficiency of the consideration a plaintiff purported to accept "in full satisfaction of the judgment." Id.

Brandt is distinguishable from the circumstances in this case, for two reasons. First, Plaintiffs here are not seeking to file a subsequent suit against Mintz – they already sued Mintz jointly along with his codefendants, and a judgment has properly been entered against him. Second, the orders marking the judgment satisfied in this case do not suggest that the judgment has been fully satisfied. Rather, the orders state that "the Judgment entered against [the settling defendant] . . . is hereby **SATISFIED**." Although it is true, as Mintz notes, that the orders do not use the phrase "partial satisfaction," they are clearly meant to apply only to the settling defendant. Thus, unlike Brandt, this is not a situation in which a plaintiff has formally indicated that she has received full satisfaction for her injury, but then seeks to pursue additional recovery for the same injury by suing another defendant. The specific rule announced in Brandt therefore does not apply to this case.

Furthermore, courts have interpreted the rule imposed by Brandt "narrowly," and they have described it as "bar[ring] a subsequent suit against another tortfeasor only where the prior proceedings can reasonably be construed to have resulted in a full satisfaction of the plaintiff's claim." Greenleaf v. Garlock, Inc., 174 F.3d 352, 357 & n.3 (3d Cir. 1999) (quoting Frank v. Volkswagenwerk, A.G. of W. Germany, 522 F.2d 321, 324-26 (3d Cir. 1975)). Except in the particular circumstances of Brandt (i.e., where an earlier judgment has been formally marked satisfied on the docket), "[d]etermining whether a plaintiff has been fully satisfied through a settlement . . . involves a highly factually sensitive analysis of the circumstances of the prior settlement to see whether the satisfaction . . . represent[ed] the true value of the claim." Id. (quoting Frank, 522 F.2d at 326) (internal quotation marks omitted; second and third alterations in original). In that fact-specific analysis, "[t]he party asserting 'one satisfaction[]' . . . has the burden to provide the court with record evidence of the circumstances surrounding the settlement." Id.

Finally, the policy rationales discussed in Brandt counsel against marking the judgment against Mintz satisfied in this instance. Here, the codefendants' decision to settle with Plaintiffs was presumably motivated at least in part by Plaintiffs' agreement to mark the judgment against them

11

satisfied. Indeed, if the judgment were <u>not</u> marked satisfied, the settlements would be essentially meaningless, as the defendants could still be held responsible for any outstanding balance on the more than twelve million dollar judgment. The rule advocated by Mintz would therefore discourage, rather than encourage, settlement, and thus it conflicts with the primary rationale behind the <u>Brandt</u> holding.

In sum, because the rule and reasoning of <u>Brandt</u> do not apply to this case, Pennsylvania law places the burden on Mintz to show that the settlements at issue represent the true value of the claim – a burden he has made no attempt to meet. Therefore, even if Pennsylvania law were to apply, it does not support Mintz's request for relief.

**III. CONCLUSION**

At base, Mintz is arguing for the adoption of a formalistic rule that any satisfaction of a judgment as to one jointly and severally liable defendant must automatically be deemed a satisfaction as to all. That rule has not been endorsed in Pennsylvania, by federal courts, or under the common law generally. Accordingly, although Mintz may be entitled to a reduction in the amount owed on the judgment, he is not entitled

to have the judgment against him marked satisfied.[1] The Court will therefore deny his motion. An appropriate order follows.

---

[1]     Because Mintz's claims fail on the merits, the Court need not consider Plaintiffs' argument that Mintz's motion is untimely under Federal Rule of Civil Procedure 60(c).